## WALLACE & WINGFIELD vs. HULL, FRIERSON & CO.

1. A partnership is presumed to be solvent until the contrary appears.
2. The apparent interest of each partner is to be considered and treated as his actual interest, until rebutted by proof.
3. The right of partners can be ascertained and settled at law as well as in equity.
4. A creditor of two members of a firm is entitled, by garnishment, against any one having effects of the firm in his hands, or who is a debtor to such partnership, to subject the interest of said two members in said effects or debt to the payment of his demand.

Attachment and Garnishment, from Fulton county. Decided by Judge BULL, at October Term, 1858.

Hull, Frierson & Co., sued out an attachment in Muscogee county, against Thomas M. Caldwell and James F. Cummings, partners in trade, resident in the State of Tennessee, under the firm and name of *Caldwell & Cummings*, for the recovery of a debt amounting to four hundred and thirty dollars. Garnishment was served upon Wallace & Wingfield, commission merchants of the city of Atlanta,

Fulton county, who answered that at the time of service they had in their hands about one thousand dollars worth of bacon, which they had since sold and converted into money, belonging to Thomas M. Caldwell, James F. Cummings and John C. Caldwell, junior, partners in trade, resident in the State of Tennessee, under the style and firm of *Caldwell, Cummings & Co.*, but they had nothing belonging to Caldwell and Cummings, the defendants in the attachment.

The plaintiffs traversed the answer of the garnishees, and the issue upon the traverse was submitted to a jury.

It was in proof upon the trial, that the plaintiffs had recovered judgment in the attachment for $430 00, besides interest and cost.  It was further proved that Thomas M. Caldwell and James F. Cummings, under the style of Caldwell & Cummings, did business in Shelbyville, Tennessee, for a number of years, down to 1st January, 1856, when said firm was succeeded by the house of Caldwell, Cummings & Co., composed of the said Thomas M. Caldwell, James F. Cummings and John C. Caldwell, junior; and that the bacon in question was consigned to the garnishees by said Caldwell, Cummings & Co. for sale.

Upon the close of the testimony, counsel for the garnishees moved to dismiss the garnishment, on the ground that the effects in their hands belonged to the firm of Caldwell, Cummings & Co., and could not be attached for a debt due by Caldwell & Cummings. The court overruled the motion, and charged the jury that they should find for the plaintiffs *two-thirds* of the amount admitted by the garnishees in their hands belonging to Caldwell, Cummings & Co., provided plaintiffs' demand amounted to that much; if not, then the amount of their demand.  To which ruling and charge garnishees excepted.

The jury found for the plaintiffs, against the garnishees, four hundred and thirty dollars principal, besides interest and cost.

Whereupon counsel for garnishees tender their bill of exceptions, assigning as error the decision and charge above excepted to.

Judge Benning being related to one of the parties, did not preside in this case.

GLENN & COOPER, for plaintiffs in error.

J. M. & W. L. CALHOUN, and B. Y. MARTIN, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

We cannot concur with that class of authorities which hold that such a proceeding as this cannot be maintained at law. If the firm of Caldwell, Cummings & Co., be solvent, and the interest of Caldwell and Cummings in that concern could be ascertained, there could be no difficulty in this case. Is it not safe to assume, and the country and the courts act upon this assumption, that a firm is solvent until the contrary appears? and that the apparent interest of each person is to be considered and treated as his actual interest, until rebutted by proof?

It has been settled in this State that, were this a common law execution, it could have been levied on the bacon in the hands of the garnishees; or if sold by them, the proceeds could be reached by process of garnishment, based upon the common law judgment. Can any sensible distinction be drawn between the two cases?

It has been held in England that the rights of the partners can be ascertained and settled at law, as well as in equity; and notwithstanding the doubts of Lord Eldon, and the difficulties which occurred to Lord Alvanley, the doctrine laid down by Lord Hardwicke, has not been overruled; namely: that a settlement could be made at law.

Let the partner then of Caldwell and Cummings appear

and contest the interest of Caldwell and Cummings in this fund; or show that the firm is insolvent, and that he is intitled to retain and dispose of these effects for the partnership debts—not those which might thereafter have been contracted, but such as were due when this process was served.

Judgment affirmed.