GEORGE H. MYERS *v.* THOMAS R. SMITH ET AL.

1. The object of the undertaking authorized to be given by the defendant in attachment, as provided in section 212 of the code, is to enable him to supersede all proceedings under the attachment, by giving security to perform the judgment that may be recovered against him in the action.

2. Where, after such undertaking has been given, the garnishees appear and answer, as required by the process with which they are served, they should, on application of the defendant, be discharged.

3. An indebtedness due to a co-partnership can not be garnisheed in the hands of the debtor to pay the separate debt of one of the partners.

4. The defendant in attachment can not ask the discharge of the garnishees on the ground that their answer fails to show that they have property of the defendant in their hands subject to garnishment. The plaintiff is not concluded by the answer of the garnishees; and if the disclosures in their answer are not satisfactory to him, he is authorized to proceed against them by action on that ground.

5. If the proceeding is purely *in rem*, and the jurisdiction depends on property of the defendant subject to garnishment being in the hands of the garnishees, the fact that such property exists must be found before the suit in attachment can proceed to final judgment.

6. A non-resident defendant, against whom proceedings in attachment are prosecuted, by demurring to the petition, brings himself as fully under the jurisdiction of the court as if he had been served with summons in the action.

ERROR to the Superior Court of Cincinnati.

The defendants in error sued the plaintiff in error, Myers, on a judgment recovered by them against him in the Circuit Court of Kanawha county, West Virginia.

The defendant being a non-resident of the state, an attachment was issued against his property ; and on affidavit filed in accordance with section 200 of the code, Miles Greenwood and others, trustees of the Cincinnati Southern Railroad, were garnisheed as being indebted to the defendant, and as having property of his in their possession.

The attachment was issued November 12, 1875, and was duly returned the 27th of the same month.

The return showed that no property was found, and that due service was made on the garnishees.

On the 13th of December, 1875, the defendant gave bond, with surety approved by the court, for the discharge of the attachment.

On the approval of the bonds so given, the court ordered "that the trustees of the Cincinnati Southern Railway be and they are hereby released from all liability as garnishees herein."

Afterward, on the 31st of December, 1875, the garnishees appeared and answered.

Their answer is as follows :

"And now come the trustees of the Cincinnati Southern Railway, and, for answer to the writ of garnishment served upon them in this case, say that they are not indebted to the defendant, individually nor severally, but that they had a contract at the service of the writ herein with the firm of Myers & DeHam, which firm was composed of George H. Myers, the defendant herein, and Constance L. DeHam, to which firm these garnishees were indebted, at service of said notice, to an amount exceeding one thousand dollars. And garnishees say that they know nothing of the interests of the said partners in said contract.

"And garnishees say that they have notice of an assignment made by said firm of Myers & DeHam to Rufus McClemy, of Knoxville, Tennessee, in trust for the creditors of said firm.

"Wherefore they ask to be hence dismissed, with their costs."

After this answer was filed, the defendant filed a motion

"to discharge the attachment as to the garnishees, for the reason that there is no law by which they can be held as such." He also, at the same time, filed a demurrer to the petition.

The court overruled the motion to discharge the attachment.

To reverse this ruling, the defendant, Myers, filed a petition in error in the superior court in general term. The court, in general term, affirmed the ruling of the court in special term.

The present proceeding is prosecuted to reverse these rulings.

*W. T. Porter*, for plaintiff in error :

Partnership credits can in no case be taken by garnishment to pay the individual debt of one member of the firm. Drake on Attachment (4th ed.), sec. 567, 568, 570; 1 Ala. 129; 6 Humph. 233; 18 Ohio, 181; 16 Ohio, 142; 9 Mass. 490; 3 Allen, 161; 18 Pick. 451; 6 Mass. 243; 10 N. H. 120; 32 Vt. 747; 39 How. Pr. 521; 19 Vt. 278; 3 Lou. Ann. 319; 14 Mo. 465; 13 Lou. Ann. 277; 6 Ves. 119; 7 How. (Miss.), 318; 21 Conn. 130; 6 Humph. 233; 11 Ired. (N. C.), 407; 6 Mass. 271; 4 Dev. L. R. (N. C.), 367; 9 Conn. 407; Story on Partnership, sec. 264*a; Pettes* v. *Spalding,* 21 Vt. 66.

It is only tangible property, such as can be reached and sold on execution, which is subject to attachment. *Nixon & Chatfield* v. *Nash & Atkinson,* 12 Ohio St. 647; *Hunter & Moore* v. *Stewart & Co.,* 1 Handy, 22; 39 How. Pr. 521; *Lyndon* v. *Gorham et al.,* 1 Gallison, 366; 67 Pa. St. 334; *Church* v. *Knox,* 2 Conn. 514.

Now to apply these principles found in the foregoing propositions and authorities to the case at bar, what right would Myers have individually against the trustees of the Cincinnati Southern Railway? The contract is a joint one; any action upon it would have to be in the name of all the partners. An action by Myers alone would be demurrable on the ground of defect of parties; he would have no right

to go to the trustees and demand any *portion* of the money due the firm under the contract; and the trustees would not be liable to an action for refusing to pay to him a part, or what he might consider his interest. And it might be a very serious question, whether or not the trustees would not be liable in an action by the firm, if they should pay any portion of the money due the firm in a suit against the individual partner.

*J. R. Murdock,* for defendant in error:

1. The rights, credit, and money attached in the hands of the garnishees, being property of a non-resident co-partnership, of which firm the debtor, G. H. Myers, is a member, can the *interest* of such debtor in said partnership property be attached?

I contend that the attachment is good.

The Statute, S. & C. 1003, sec. 200; Ib. 1005; *Stewart* v. *Hunter,* 1 Handy, 22; *McCarty* v. *Emlen,* 2 Dallas, 277; *Wallace* v. *Patterson,* 2 Harris & McH. 463; 2 McCord, 478; 16 Ohio, 142; 12 Ohio St. 647.

2. It was not competent for the attachment debtor to move a dismissal of the writ, on the ground that the property does not belong to him.

The practice has already obtained to refuse such motions from the defendant in attachment suit. *Langdon* v. *Conklin,* 10 Ohio St. 439; *Emerson* v. *Line,* 2 W. L. M. 480.

WHITE, J. It appears from the record that after the issuing of the attachment, and service upon the garnishees, the defendant gave bond, with surety to the acceptance of the court, for the discharge of the attachment.

The giving of the bond or undertaking is provided for by section 212 of the code; and the effect of the undertaking, when given, is also prescribed.

The condition is required to be " to the effect that the defendant shall perform the judgment of the court." On the

giving of the undertaking, it is declared that "the attachment in such action shall be discharged, and restitution made of any property taken under it, or the proceeds thereof." It is likewise declared that the undertaking "shall also discharge the liability of a garnishee in such action for any property of the defendant in his hands."

The object of the section is to enable the defendant to supersede the proceedings under the attachment, by giving security to perform the judgment that may be recovered against him in the action.

The undertaking takes the place of the property attached or liable to be attached in the action.

After the execution of the undertaking, the garnishees appeared and answered as required by the process with which they were served; and their alleged indebtedness to the defendant seems to have been regarded as still held by the attachment.

The defendant moved to discharge them, for the reason that they could not be held as garnishees. The motion was overruled, and this ruling is supported by the court, on the ground that the indebtedness of the garnishees to the firm of Myers & DeHam was subject to be attached by the plaintiff for the separate debt of Myers.

We do not assent to the doctrine laid down by the court that partnership demands can be garnisheed for the separate debt of one of the partners. If the firm is indebted to the defendant in attachment, on settlement of the partnership or otherwise, and the other partners are within the jurisdiction of the court, such indebtedness may be garnisheed in their hands. But if the other partners are not subject to the process of the court, they can not be brought within its jurisdiction in this indirect way, in order to compel a settlement of the partnership, for the purpose of ascertaining whether one of the parties has such an interest in a particular debt due the firm, as to justify its appropriation to the payment of his individual indebtedness.

It is well settled in the law of partnership that one partner can not, without the assent of his co-partners, apply firm assets to the payment of his separate indebtedness.

The proceeding in attachment is purely a statutory remedy. Under the statute, the garnishee is authorized to pay the money garnisheed in his hands into court, or to the sheriff having the order of attachment; and in all cases in which he admits an indebtedness to the defendant, the court may order the payment of the same, or any part thereof, to the plaintiff.

It was surely not intended by the statute to authorize the separate creditors of one of the partners to accomplish against the partnership assets what the partner himself is prohibited from doing.

But in the present case, without regard to the character of the indebtedness, the defendant was entitled, after the execution of the undertaking, to have the garnishee discharged from all liability ; and the court should have so ordered, and thus have enabled him to settle with them unembarrassed by the garnishment.

It is contended for the defendant in attachment that, independent of the undertaking, he had the right on the facts shown by the answer of the garnishees to have them discharged. But this position is not correct.

The plaintiff was not concluded by the answer of the garnishees. If the disclosures in their answer were not satisfactory to the plaintiff he was authorized to proceed against them by action on that ground. Hence, against the consent of plaintiff, the defendant would have no right to their discharge on the ground that their answer failed to show any interest of the defendant subject to attachment.

True, if the proceedings were purely in rem, and the jurisdiction depended on finding in the hands of the garnishees property of the defendant subject to garnishment, the fact that such property existed would have to be found

before the suit in attachment could proceed to final judgment.

But this would not be the case where the court had jurisdiction of the person of the defendant.

In the present case the defendant, by demurring to the petition, effected his voluntary appearance, and brought himself as fully under the jurisdiction of the court as if he had been personally served with summons.

Cases are cited which support the view taken by the court below, but the weight of authority and, we think, the better reason, are to the contrary.

What has been said in this opinion has reference to attaching partnership credits for the separate debt of one of the partners.

Tangible property of the firm stands on a different footing, and we intend in no degree to qualify the recognized right of the separate creditors to levy on the interest of one of the partners in such property. *Nixon* v. *Chatfield*, 12 Ohio St. 648.

*Judgment reversed and cause remanded.*