SAM SEATON V. BROOKING ET AL.

(No. 728, Op. Book No. 2, p. 276.)

</div>

APPEAL from Tarrant County. Opinion by QUINAN, J.

§ 1011. *Orders of court are under its control, etc.* The orders of a court are under its control until the end of the term at which they have been made. [Doss v. Tyack, 14 Howard, 312.]

§ **1042.** *Garnishment; married woman may make affidavit and sign bond for.* Where plaintiffs in the suit were husband and wife, and the suit was for the recovery of the wife's money, she was held to be authorized to make the affidavit and sign the bond required to obtain a writ of garnishment. It was not necessary that the principals should have signed the bond.

§ **1043.** *Garnishee cannot object to irregularity of proceedings against debtor.* The debtors against whom the suit was brought appeared to have been duly served with or accepted service of process. The judgment against them recited that they appeared in the suit, and they being personally before the court, the garnishee was not interested in the proceedings by which their appearance was secured, and could not be heard to complain that such proceedings were irregular.

§ **1044.** *Partnership debts; garnishment of, for individual debt of partner.* Undoubtedly the general rule is that partnership debts cannot be reached for the satisfaction of the debt of an individual partner, or any number of them less than the whole, by the process of garnishment. [Drake on Attach. 569; Taylor v. Keylor, 28 Lead. Am. Cas. 530; Johnson v. King, 6 Humph. 233; Myers v. Smith, 29 Ohio St. 120; Barry v. Fisher, 8 Abb. Pr. (N. Y.) 369; Wyman v. Stewart, 42 Ala. 163; Knerr v. Hoffman, 65 Pa. St. 126.] By some courts, however, it has been intimated that under the garnishee or trustee process the interest of the individual partner in the partnership credits may be reached. [Wallace v. Hull, 28 Ga. 68; Winston v. Ewing, 1 Ala. 132; Fisk v. Herrick, 6 Mass. 271; Parker v. Wright, 66 Maine, 392.] The court in this case did not find it necessary to adopt any rule upon the subject, but expressed itself as strongly inclined to indorse the general rule as above stated, that partnership credits cannot be reached by garnishment process for the individual debt of a member of such partnership.

**§ 1045.** *Garnishment; proceedings by, not liberally construed.* The process of garnishment is purely a legal remedy given by statute, and these laws giving these summary proceedings have not been liberally construed, and courts may well refuse to extend aid to such proceedings beyond the plain import of the law. [Price v. Brady, 21 Tex. 614.]

**§ 1046.** *Garnishment; cannot change nature of contract, etc.* It is well settled that a garnishment cannot have the effect of changing the nature of a contract between the garnishee and the defendant, or of preventing the garnishee from performing a contract with a third person. [Drake on Attach. 517.]

March 3, 1881.                    Reversed and remanded.