Shauck, J.
In support of their motion to dismiss the proceedings in error, counsel for defendant urge the view that the discharge bond has rendered it altogether immaterial whether the attachment was valid and regular or not, because the undertaking- has superseded all proceedings under the attachment; that further controversy concerning the validity of the attachment would be idle because by giving the bond the plaintiff in error has both submitted himself to the jurisdiction of the court, and obtained the release of the.property that had been seized under the writ.
The practice here resorted to of alleging facts occurring after a judgment, against a petition praying for its reversal, is proper, if not familiar. It is sanctioned in Collins v. Davis, 32 Ohio St. 76, and Matthews v. Davis, 39 Ohio St. 54. In such way alone can reviewing courts properly be informed that parties have, by their conduct, waived alleged errors of which they still seek to complain. Courts will not concern themselves with controversies which do not affect the substantial rights of litigants.
Does the giving of a discharge bond, pursuant to the provisions of section 5545 of the Revised Statutes, have the effect claimed for it by the counsel for the defendant in error? The only effect which the statute prescribes is, “ that the attachment shall be discharged and restitution made of the property taken under it, or the proceeds thereof.” The purpose with which the obligors executed the bond is indicated on its face to be that, “ Saxton was desirous to obtain a discharge of said property from such attachment.” It is held in Myers v. Smith, 29 Ohio St. 120, that the bond supersedes all proceedings under the attachment.
The theory upon which this motion is made, however, is that the bond not only supersedes all proceedings under the attachment from the time it is given, but that it operates as a waiver of prior defects in the proceedings. If this view is correct, it follows that however serious may be the situation of *211 a debtor’s business in view of the seizure of his property, he cannot exercise the right conferred by the statute of procuring its release by the execution of a bond of this character, except upon penalty of waiving all defects in the proceedings which resulted in the seizure, and consenting that the court has acquired jurisdiction of his person, although in fact it may have acquired no jurisdiction at all.
The precise question has never been determined by our own supreme court, and the decisions in other states are not in accord. But we are of the opinion that full effect is given to the provisions of our statute and to the authority of Myers v. Smith, by regarding the bond as taking the place of the attached property from the time it is given and the property released, and as saving to the party all objections to the validity of the proceedings which he might have made had the property been held under the writ until the end of the litigation. Indeed, Myers v. Smith favors, rather than repels, this view. It seems also to be required by other provisions of the statute. After the enactment of this section, and in view of all the effect which the legislature intended that a bond executed pursuant to its provisions should have, it is provided in section 5562 that “the defendant may at any time before judgment, upon reasonable notice to the plaintiff, move to discharge an attachment as to the whole or any part of the property attached.”
The provision is general, and in terms applies to cases where a redelivery bond has been given under section 5529, or a discharge bond under 5545, as well as to cases where the property continues in the custody of the officer. To say that such a motion may not be made after the giving of a bond of this character and before judgment, is to add a condition not found in the statute. If the right to move for a discharge is saved to the defendant until final judgment, notwithstanding the giving of such a bond, we see no reason why the right to prosecute error to an order overruling his motion to discharge the attachment is not also saved.
Nor do we perceive upon what principle the giving of this bond can be regarded as an entering of Saxton’s appearance, if jurisdiction of his person had not been obtained. Such ef *212 feet is not due Do the instrument because of its terms, nor to-the provisions or implications of the statute. Nor is it a technical submission to the jurisdiction of the court, for it is not a paper filed in the cause, nor does it invoke any action by the court or submit any right for its adjudication.
The conclusion indicated receives some support from the decision of our own supreme court, though this precise point has never been decided. In Fortman v. Rottier & Hoenig, 8 Ohio St. 548, Judge Scott says: “ The interest of a party may imperatively require that his property shall be released from a wrongful attachment without delay. May he not in such a. case promptly procure the discharge of the attachment, by payment of the claim on which it is founded, or by executing an undertaking according to the statute, and thus arrest the threatened ruin, without abandoning his right to redress for the injury already done him ? The proceedings in attachment would thus be terminated, but not adversely to the clakn of the party who sued out the process. Nor would such a determination conclusively show that the process was rightfully sued out.”
In Alexander et al. v. Jacoby et al., 23 Ohio St. 358, the view thus suggested is adopted as supporting the conclusion that-the execution of a redelivery bond under section 5529 of the revised statutes, cannot be regarded as an admission of record that the order of attachment was rightfully obtained.
Here is clear authority for the conclusion that the giving of such a bond is not for all purposes, a waiver of defects in the attachment proceedings, and that notwithstanding its execution, a suit may still be maintained upon the bond originally given by the plaintiff in the attachment, upon the ground that the writ was wrongfully obtained.
This bond was given in invitum. The purpose of its execution was to procure the release of the property from seizure. A pertinent inquiry is: How can the bond be valid if the seizure was unlawful? By what valid consideration is it supported? These questions seem to be correctly answered by the supreme court of New York in Caldwell v. Colgate, 7 Barbour, 253, where it is held that in a suit brought on such a bond by the creditor against the debtor and his sureties, the defendants- *213 are not estopped from setting up the invalidity of the bond and availing themselves of the fact that the proceedings under which,the property was seized were void. In the opinion Judge Parker says: “The judge had no jurisdiction, and the debtor did no act to confer any. A trespass had been committed by levying on his property under void process, and he, acting on the defensive, could not procure its release, except by complying with the forms prescribed by law.” And he quotes with approval the language of Judge Bronson, in re Faulkner, 4 Hill 698, where the same principles were considered: “ This was not a proceeding in personam, or an action where a voluntary appearance would be sufficient to .confer jurisdiction over the person, although not regularly served with process. It was a proceeding in rem, and the debtor only came in to save his property. It was not a case where there could be any such thing as a technical appearance.” If the discharge bond was void, it would seem clear that it is not entitled to the effect claimed for it by counsel for defendant in error.
Ace Gregg and G. A. Palmer, for plaintiff in error.
Vandeman & Ohaffin and John Logan, for defendant in error.
The plaintiff in error was not served below, nor did he formally enter his appearance, or by any act submit himself to the jurisdiction of the court. He has not acknowledged the validitj7 of the attachment proceedings, nor authorized his adversary to take any step in the belief that their validity would not be contested. We therefore find no ground upon which he can be held to be estopped from insisting that his property was wrongfully taken.
Correct practice would require that the facts presented by this motion and the agreement of counsel should be alleged by way of answer to the petition in error and their sufficiency be tested by demurrer. But regarding them as insufficient to bar inquiry into the judgment complained of, the motion will be overruled.