Burket, J.
'In the unreported case of Merchants’ National Bank v. Standard Wagon Company, 65 Ohio St., 559, this court held, after full argument by counsel and consideration by the court, that it was not competent for two or more corporations to unite and form a partnership, and with that holding we are still content. The same question was again considered in this case, and the same conclusion reached. Of course two or more corporations, or a corporation and an individual, as was the case in Cleveland Paper Company v. Courier Company, 34 N. W. Rep., 556, may purchase goods for the use of both, and both be liable therefor, but the liability is not as partners, but individually, and that is as far as the above case goes. It is not within the corporate scope of business of a corporation to be a member of a partnership with all the rights and liabilities of a partner.
The combination formed by the agreement between the Stamping Company and the Stove Company, did not therefore have the legal effect of forming a part *105 nership under the assumed name of the Vapor Company, and that contract does not pretend to constitute such partnership. Each corporation agrees to furnish the same amount of capital, the business to be for the mutual benefit of the two concerns. Each to be entitled to one-half of the profits of the joint business, the net profits to be determined annually in August, and such portions as may be thought advisable to be equally divided between them.
The above provisions look very much like a partnership agreement, but nothing is said in the contract about a partnership, and the parties seem to have understood that corporations could not legally enter into a partnership, and therefore they speak of it as a “joint business,” “for the mutual benefit of the two concerns.”
The combination entered into by the. Stamping Company and Stove Company under the name of the Vapor Company, and a number of other corporations, to regulate prices and control output, may have been void as against public policy; but certain funds came into the hands of Mr. Alcott as commissioner for that combination, and was by him apportioned to the several members thereof, among others the so-called Vapor Company, which was the Stamping Company and the Stove Company, and each of which companies was entitled under their agreement to one-half of the fund so placed into his hands for both. While the money so in the hands of Mr. Alcott may have been the fruits of an illegal combination, the money itself was not tainted by the illegality, but as to creditors of the Stamping Company, was honest lawful money, subject to seizure and sequestration by garnishee process.
*106 It was the fund so in his hands that was garnisheed, and he answered that he had no funds belonging to the Stamping Company, because that company was entitled to one-half of the net profits only, and that no one could tell what the net profits would be until the joint business should be settled up, and Myers v. Smith, 29 Ohio St., 120, is cited by his counsel. In that case a claim due to a partnership was attempted to be reached to pay the debts of one of the partners, and it was held that firm credits could not be applied by garnishment to the payment of the debts of one of the partners. Here there is no partnership, but a joint venture. Section 5551 provides that “judgment may be- rendered in favor of the plaintiff for the amount of property and credits of every kind of the defendant in possession of the garnishee, and for what may appear to be owing by him to the defendant, and for the- costs of the proceedings against the garnishee.”
In this case Mr. Alcott now claims that he had no credit in his hands belonging to the Stamping Company and owed that company nothing, all the money owed by him being to the two corporations, the Stamping Company and the Stove Company; but he and the Stove Company were both made parties defendant, and neither one claimed in the answer filed that the Stove Company had any interest in the fund either jointly with the Stamping Company, or individually in its own right. The claim was set up in the joint answer that the fund belonged to the Yapor Company; but it could not belong to that company, because it had no existence, it was a fictitious person, a myth. This left the way open for the court to determine and find on the trial, to whom the fund belonged, and whether each company was the owner of and entitled to one- *107 half thereof. The court found that the Stamping Company owned one-half of the fund, and that Mr. Alcott owed that half, fl,414.67, to that company, and this court will not weigh the evidence to see whether that finding is correct or not. The circuit court seems to have regarded that finding as a conclusion of law rather than a finding of fact, and on that ground reversed the judgment, and entered final judgment in favor of Mr. Alcott upon the findings of fact-
As the pleadings stood, no interest being claimed in the fund by the Stove Company, nor by Mr. Alcott in its behalf, the court could well find as a fact that one-half of the fund belonged to the Stamping Company, and was therefore subject in law to sequestration by garnishee process against it.
The other questions argued are so fully and clearly settled by former decisions of this court, that they need no further notice here.
Upon the record so made by the pleadings and finding of facts, the circuit court erred in reversing the judgment of the common pleas.
The judgment of the circuit court will be reversed, and the common pleas affirmed.

Judgment reversed.

Williams, C. J., Spear, Davis, Shatjck and Price, JJ., concur.