Motion was made before Em.mit E. Everett, a justice of the peace in and for Ottawa township, Allen county, Ohio, for the discharge of an attachment. The motion stated:
"Now comes the defendant, W. W. Newcomer, for the purpose of this motion only and in nowise intending hereby to enter his appearance herein, and moves the court that the attachment herein issued be dismissed for the following reasons—
"(1) That said affidavit for attachment herein is insufficient in law; (2) that no grounds for attachment, as required by the statute, are set out in said affidavit; (3) that said affidavit is made .and sworn to before Emmit E. Everett, a justice of the peace, being the same justice before whom said action is pending and the same justice who must act as a judge to determine the sufficiency of said affidavit; (4) that said defendant is not indebted to the plaintiff in the sum of one hundred and twenty- *309 five ($125) dollars or any other sum; (5) that said claim is unjust and unlawful; (6) that said affidavit is defective in that it does not state the nature of the claim made by plaintiff; . (7) that the attempted statement of the nature of the claim is insufficient and will not warrant a finding in favor of plaintiff, nor the sustaining of such attachment proceedings; (8) that at the time of the filing of said attachment proceedings there was another action pending between said plaintiff and said defendant in the Court of Common Pleas of Allen County, Ohio, in which said claim might have been and was settled; (9) that the necessary and material averments in said affidavit for attachment are untrue; (10) that there is no bill of particulars or petition .on which there is any cause of action set out; (11) that said alleged claim is not for a debt or demand arising on contract, judgment or decree; (12) that there is no amount due said plaintiff from said defendant.
“Wherefore, said defendant requests the court to examine the papers and proofs herein offered and moves that said attachment be dismissed.”
Bailey, J.
Error to justice of the peace.
Plaintiff in error insists that, because the attachment was improperly allowed and has failed, the justice was without jurisdiction to proceed to judgment. This contention must be sustained unless Newcomer, defendant below, 'entered his appearance by his motion to discharge the attachment.
In Ohio the general rule is, that whenever the defendant in such case asks the court to pass upon any question connected with the merits of the case, that moment he submits himself to the jurisdiction. Blinn v. Rickett, 6 C. C.—N. S., 513.
•In his opinion on page 416, Martin, J., says:
“Is one to be said to have appeared for something else than that which he asks to have done? We think not.”
There are numerous other decisions, some by our Supreme Court, to the same effect. I cite the above case because it is a very recent decision—perhaps the latest. Riekett moved the court to discharge the attachment for the reason or upon the ground that the affidavit was false throughout—no truth in it. This motion asked the court to pass upon: 1, the description *310 of the nature of plaintiff’s claim; 2, the belief of plaintiff as to the amount he ought to recover; and, 3, the truth of all the grounds of attachment set out in the affidavit.
None of these matters involved the final question in the case, which final question was the sum of money, if any, the defendant owed the plaintiff. The defendant did not ask to have the case dismissed. He asked only that the attachment be discharged.
In the ease at bar, Newcomer in his motion asked only that the attachment be discharged—nothing more. True, he says in his motion that he does not owe the plaintiff anything, that plaintiff’s claim is unjust and unlawful, that there is another case pending in another court, etc., and that there is no bill of particulars, etc. But these were matters upon which the justice had no power or jurisdiction to pass, when the motion asks only that the attachment be discharged. The effect of a motion in such cases is ascertained or measured not hy what is said in the body of the motion, but by what the court is asked to do.
In this case the sole purpose of the defendant appears to be to obtain a discharge of the attachment. The setting out of impossible or unavailable reasons for the discharge does not amount to an appearance. The relief invoked is the discharge of the attachment—nothing more.
I have carefully read the following Ohio cases: Handy v. Insurance Co., 37 Ohio St., 366; Maholm v. Marshall, 29 Ohio St., 611; Elliott v. Lawhead, 43 Ohio St., 171; Meyers v. Smith, 29 Ohio St., 120; Long v. Newhouse, 57 Ohio St., 348; Cleveland, C. & C. Ry. v. Mara, 26 Ohio St., 185.
I have also examined 3 Cye., 504, cited in argument, but I find nothing to change the view above indicated.
The judgment of the justice is void for want of jurisdiction, and his judgment is reversed and set aside and held for naught. The justice having been without jurisdiction to render any' judgment, the ease will not be retained for trial in this court. Judgment for costs made in this court against defendant in error. Exceptions.