## JUDGMENTS NISI IN ACTIONS IN ATTACHMENT.

Common Pleas Court of Cuyahoga County.

E. R. KIRBY v. THE KERR TURBINE COMPANY.

Decided, February, 1916.

*Procedure in Attachment and Garnishment—Jurisdiction Not Lost in
an Action Against a Non-Resident Defendant—By the Filing of an
Answer by the Garnishee that It Has no Property in Its Posses-
sion Belonging to the Defendant—Sections 11851 and 11853.*

In an action in attachment against a non-resident a conditional order
or judgment *nisi* may be entered for the full amount owing to the
plaintiff, notwithstanding the garnishee had no notice of the
hearing and has previously answered that it had no property or
credits belonging to the defendant in its possession or under its
control.

FORAN, J.

On November 2, 1914, plaintiff filed a petition in this court
against the defendant, a non-resident of the state of Ohio, alleg-
ing there was due him on a written contract the sum of $2,970.96.

On November 23, 1914, the plaintiff filed an affidavit for at-
tachment, averring that the First National Bank of Cleveland,
Ohio, had in its possession money belonging to the defendant,
not exempt from execution, and was indebted to the defendant;
upon which affidavit an order of attachment was obtained and
issued, and service had upon the First National Bank, as gar-
nishee, November 23, 1914.

The garnishee did not answer, but on December 15, 1914,
the defendant, by counsel, appearing only for the purpose of the
motion, moved to discharge the attachment, for the reason that
the affidavit was insufficient in law. On January 9th, 1915, a
similar motion was filed. In the meantime the plaintiff had
filed an alias affidavit for attachment, and an order was issued
thereon. Both these motions were granted January 18, 1915,
apparently for the reason that the affidavits did not negative
paragraph 1 of Section 11819, General Code.

On January 16, 1915, the plaintiff filed a pluries affidavit for attachment, and an order was issued thereon and served upon the First National Bank of Cleveland, on January 18, 1915.

On February 15, 1915, the garnishee, the First National Bank of Cleveland, filed its answer, averring that "neither at nor after the time of the service of the order and notice of attachment herein had this garnishee any property of any description or credits of the defendant in its possession or under its control." Service by publication was duly had upon the defendant, and filed January 8th, 1915.

On January 6th, 1916, the cause was regularly assigned for hearing, and the defendant being in default of answer or demurrer, a hearing was had, and the court found *prima facie* that the garnishee did have money and property in its possession belonging to the defendant, and was indebted to the defendant, and that there was due to the plaintiff from the defendant the full amount claimed in his petition. A finding or judgment *nisi* was accordingly entered. Before the journal entry was filed, and on January 8th, 1916, a motion was filed by the garnishee to vacate and set aside the order and judgment *nisi,* for the reason that the garnishee, the First National Bank of Cleveland, Ohio, "was not notified of the hearing in the garnishment process" in accordance with the rules of the court.

It is admitted that the garnishee was not notified and did not have notice of the hearing.

If the garnishee is a party to the action, either in fact or in effect, or if the garnishee is concluded by the finding or judgment *nisi,* the motion should be granted. The plaintiff contends that the garnishee is in no respect a party to the action, and is not concluded by the order of the court. Counsel for the garnishee admit that the finding and judgment of the court was wholly conditional upon the assumption that the bank has in fact money and property in its hands belonging to defendant; but counsel contend that the garnishee should not be subjected to the cost and inconvenience of defending a civil action which it is admitted must be brought to determine that question. If the bank or garnishee has a right to come into this action and have the question of its liability to the defendant litigated, it

would seem that the inconvenience would be precisely the same as it would be if a civil action or separate action were subsequently brought against it to determine whether it did or did not have in its hands or in its possession moneys or credits belonging to the defendant.  It would be a matter of defense in either case; and as to costs, it is provided by Section 11852 that if the plaintiff proceeds against the garnishee by action because his disclosure is not satisfactory, and fails, he must pay the costs, unless it appears the answer or disclosure was incomplete.  But can it be said that the garnishee is in any sense a party to the action?  The right of attachment by garnishment is not a common law remedy.  Its validity and effect depend wholly upon statutory provisions.

The word garnishment is of Teutonic origin, represented in old English by the word *warniam,* meaning to take warning or to beware.  The meaning of the word as seen in the law term garnishee is, that a person who owes or holds money belonging to another is warned by order of court not to pay it to his immediate creditor, but to a third person who has obtained or may obtain final judgment against that creditor.

In the words of *Shinn on Attachment and Garnishment,* Volume 2, Section 471:

"The garnishee, however, has no such active interest in the determination of the suit as the defendant has in ordinary suits. He has often been pronounced to be only a stakeholder or custodian of the funds or property in his hands, for the one or the other of the litigants as the case may determine.  He has no pecuniary interest in the matter, no costs to pay and none to save.  His business is to let the law have its course between the litigants, and he is not permitted to do anything to change his position toward either.  He is only bound to disclose the truth as to them.  He is not permitted to interfere between the plaintiff and the defendant, and the only question to be determined as to him is whether he is indebteded and can safely pay.  He is at most a qualified defendant.  It is a matter of no concern to the garnishee which party shall succeed or to whom he shall pay the mony due from him to the defendant.  It is his business to stand aloof from the contesting parties and to bind himself to the separate interest of neither.  He is entirely indifferent as between them, and can properly do nothing to aid either party in the litigation."

The garnishee is not required or called upon to make any defense as between the plaintiff and defendant. *Moore* v. *Chicago, etc., R. R. Co.,* 43 Ia., 385. He is presumed to be absolutely neutral and wholly indifferent as to who shall have the money or property in his hands. So far as the garnishee is concerned, the plaintiff is in effect substituted for the defendant or principal debtor, and the proceeding is in the nature of a suit by the defendant against the garnishee, and therefore the garnishee should set up in his answer every defense he might invoke against the defendant or principal debtor. His disclosure or answer should be full and. complete; and he should state every fact within his knowledge that has destroyed the relation of debtor and creditor, if such relationship previously existed between him and the defendant or principal debtor, without ambiguity or equivocation of any kind.

It can not be said that the answer of the First National Bank, garnishee in this case, measures up to these requirements. What it says is that "at and after the time of the service of the order and notice of attachment, it did not have any property or credits of the defendant in its possession or under its control." If this is an admission that it did have property of the defendant in its possession before the service of the notice, it might be interesting to know just how and when it parted with such property or credits. Besides, the garnishee had service or notice of the plaintiff's claims on November 23, 1914, and again on December 21, 1914, as service of the order was had upon it on these separate dates. We are not informed as to which service or notice the answer refers. It may be claimed that because the first and second service or notice were predicated upon a defective affidavit, the garnishee may avail itself or take advantage of this error in the proceedings and file an answer to meet either notice or service. But this is a defense available to the principal creditor or the defendant, and does not concern the garnishee in this action. If the garnishee is sued by the plaintiff because its answer is not satisfactory, it would have a right to inquire into the proceedings against the defendant; for if no valid judgment were rendered against the defendant, the garnishee would not be protected if it surrendered property belonging to the de-

fendant on such invalid or void judgment; and as the jurisdiction of the court to render such valid judgment against the defendant depends largely upon the relation of debtor and creditor existing between the garnishee and the defendant, the necessity for full and honest disclosure as to these relations becomes at once apparent.

Section 11828, General Code, provides for service upon the garnishee. And by Section 11830, General Code, it is provided that the answer of the garnishee shall be made before the clerk of the common pleas court of the county in which the garnishee resides. The statute does not specifically state just when the garnishee shall answer. But the fact that the garnishee in this case was served with notice of the plaintiff's claim on November 23 and again on December 21, 1914, and subsequently on January 8, 1915, and did not answer until February 15, 1915, seems to indicate that the garnishee was especially anxious as to the rights of the defendant or principal debtor. In other words, the garnishee was anticipating a defense it would have a right to make when a civil action was brought against it if its answer was unsatisfactory. Section 11830, General Code, provides that a special examination of the garnishee shall be had, and actions against him, for failure to appear or to answer satisfactorily or to comply with the order of the court, may be brought.

A good deal of confusion has arisen as to the construction of this section. It must, of course, be conceded that if the answer of the garnishee is unsatisfactory, the plaintiff may ask the court for an order to examine the garnishee, either in open court or by a referee or commissioner. But in view of the other sections of the statute, the plaintiff is not bound to invoke this remedy. By Section 11851 it is provided that if the garnishee fails to appear and answer, or if he appears and answers and his disclosures are not satisfactory to the plaintiff, or if he fails to comply with any order made by the court as to the property in his hands, or to give the bond required by the statute, the plaintiff may proceed against him by civil action, "and thereupon such proceedings may be had as in other actions, judgment may be rendered in favor of the plaintiff for the amount of the property and credits of the defendant in the possession of the garnishee, for what may appar to be owing by him to the defendant, and for

costs of the proceedings against the garnishee.'' So that it seems the plaintiff may elect either of these remedies.

The contention that the garnishee has a right to come into the action against the principal defendant and have the question litigated as to whether he owes or does not owe the principal debtor or defendant, is not well taken under the practice of this state. Such practice does, however, obtain in other states or other jurisdictions, but the practice is based upon statutory provisions different from the statutory provision relating to attachment in this state. The reason for this is quite apparent. If the plaintiff in this action had obtained an order from the court for an examination of the garnishee, either in open court or by commissioner, and was not satisfied with such examination, and the court was of the opinion that the answers of the garnishee were not satisfactory, there is no provision by which a judgment could be rendered against the garnishee in the action against the defendant. The question as to whether the garnishee had money or credits in its hands belonging to the defendant may be one of fact, and upon this question of fact the garnishee would be entitled to his day in court and trial by jury; and in the very nature of things the garnishee could not be concluded by any action which the court could take in the original action against the defendant or original debtor. In an action for attachment the garnishee is not a proper party under the practice of this state, and a final judgment in the action can not be recovered against him, but, on the contrary, he sustains the relation of witness; and while an order to pay may be based upon his answer, yet as he may interpose any defense he may have against the action, notwithstanding the order, the court would have no power to compel him to pay money into court in the action originally brought against the defendant. In other words, the garnishee is not a party to an attachment proceeding so as to either conclude the plaintiff or other creditors by his answer or failure to answer. A denial by the garnishee that he has any property would not destroy the jurisdiction of the court. See 4 C.C.(N.S.), 585; 39 O. S., 218; 21 O. S., 221.

In the case of *Goodrich H. Barbour* v. *H. H. Boise et al*, 9 O. D., 332, a case decided by the superior court of Cincinnati, it was said:

"If, under the provisions of Section 5551 (11851, General Code), Revised Statutes, the garnishee disregards the order of the court, suit may be brought against him to enforce the order made in the garnishment case, yet under Section 5553, Revised Statutes, no judgment can be rendered against the garnishee in such suit until the action against the defendant in attachment is determined. This makes the final judgment in the auxiliary suit to enforce the order depend upon the judgment in the attachment suit."

And again in the fourth syllabus it is said:

"It is the right and the duty of the garnishee to see that jurisdiction is rightfully acquired by the court to adjudicate against the defendant; but the inquiry into the power of the court to render the judgment, in so far as it affects the garnishee, is, under our system of attachment, limited to the suit that is brought against the garnishee, and can not be raised by the garnishee in the attachment proceedings."

We think the doctrine here laid down is conclusive of the question raised by the motion in the present case.

Again, in the case of *Caldwell Company* v. *Burton Lumber Company*, 7 N. P., 525, it is said in the syllabus:

"In an attachment case where the defendant is served by publication, and the garnishee answers that he does not owe, it is not necessary that it affirmatively appear that such garnishee has property or money of the defendant; and if such disclosure is not satisfactory, the plaintiff is entitled, upon default, to a judgment for the full amount due, in order that he may subsequently pursue such garnishee under Section 5553, Revised Statutes."

If it is true that the jurisdiction of the court depends upon the fact that the garnishee has property or credits in its hands, or a finding that property actually exists upon which to base a judgment, it is quite apparent that such finding can not be had if the garnishee denies any indebtedness to the defendant or fails to appear and answer. It follows, therefore, if this view is to prevail, that the action against the garnishee would have to be brought and that issue determined before judgment could be rendered against the defendant. A proceeding of this kind, however, would reverse the order of procedure provided by

Section 11851, General Code, as this section clearly indicates that the action against the garnishee must be after or subsequent to the finding and judgment in an attachment suit against the defendant or principal debtor. There can be no escape from this conclusion, for the language of the statute (Section 11851) is explicit, for it says, "If the garnishee fails to appear and answer, or if he appears and answers and his disclosure is not satisfactory to the plaintiff," then in that event "the plaintiff may proceed against him by civil action."

In *Olcott* v. *Guerinck*, 19 C. C., 32, the court, recognizing the difficulties of reconciling the procedure provided by Section 11830, General Code, and Section 11851, General Code, held that—

"The plaintiff may sue the garnishee before obtaining judgment in the attachment case, and thus have his indebtedness ascertained, but can not have final judgment against him until after the action against the defendant in the attachment is determined."

It seems this would be a circuitous and indirect mode of procedure, as well as an unnecessary and useless expenditure of time and energy.

It has also been held that in an attachment suit against a non-resident defendant, if the garnishee denied the indebtedness, it would be in harmony with the statutes for the court to stay further action in the case until the plaintiff had brought suit against the garnishee, and when the indebtedness of the garnishee was made "to appear by a judgment, to so find and place such finding upon the record, and thus proceed to judgment in the original action" (*Cleveland Co-operative Stove Company* v. *Frank Mehling*, 21 C. C., 61). But in this case the court was careful to say "but whether this is the only mode the court may pursue may well be doubted. The statute is not so specific as to the mode of procedure as to include the one and to exclude all others."

We are strongly of the opinion that this mode of procedure is not only cumbersome, but in practice it would be wholly unsatisfactory, and, in view of the provisions of Section 11851, General Code, hardly consistent or in strict harmony with the procedure there pointed out.

It must be remembered that the finding that the defendant is indebted to the plaintiff before suit is brought against the garnishee for failure to answer or for unsatisfactory disclosure, is really or only a judgment *nisi,* or a conditional finding, and is of no possible validity unless there is in fact property or credits in the hands or in the possession of the garnishee belonging to the defendant at the time the attachment, writ or order was issued; for jurisdiction over a non-resident defendant, in the absence of personal service, is only acquired by the seizure of property or assets, and judgment can be rendered only in an amount equal to the value of the property seized. In garnishment, while there is no manual seizure of property, the effect is the same if the garnishee has property or credits in his possession belonging to the defendant or principal debtor. In the one case it is an attachment by seizure of property; in the other or in garnishment it is a species of attachment by notice. *Beamer* v. *Winter,* 41 Kans., 596.

In *Vallette* v. *Kentucky Trust Company Bank,* 2 Handy, 1, it is said that the code ''evidently contemplates, that so soon as an action has been commenced, and an order of attachment obtained against a foreign corporation, the plaintiff may at once proceed to make service by publication, and for this purpose his affidavit that there is property or debts to be appropriated to the payment of the claim must be considered as sufficient.''

It is further said in this case that—

''A plaintiff who has obtained an order of attachment and made service by publication, can not be postponed in obtaining a judgment, in a case where the attachment has been only served by notices to garnishees, until by their answers or otherwise it shall appear that they, or some of them, are indebted to the defendant.''

It is said, however, that this doctrine is contrary to that expressed in *Myers* v. *Smith,* 29 O. S., 120, which holds:

''If the proceeding is purely *in rem,* and the jurisdiction depends on property of the defendant subject to garnishment being in the hands of the garnishees, the fact that such property exists must be found before the suit in attachment can proceed to final judgment.''

If this statement is not merely obiter, it is at best but a mere declaration that no final judgment can be had against the defendant, unless it is actually found that there is property belonging to the defendant in the possession of the garnishee.

In the case of *Alsdorf* v. *Reed*, 45 O. S., 653, Minshall, J., at page 655 said:

"The legal effect of the garnishment of a debtor of the defendant is, where judgment is rendered for the plaintiff, to transfer the indebtedness of the garnishee to the plaintiff in the attachment so far as the same may be necessary to satisfy his judgment." (Citing *Secor* v. *Witter*, 39 O. S., 218.)

But it will be noticed that in neither of these cases is it expressly held that after the garnishee has answered and it is found that his answer is unsatisfactory, the plaintiff may not obtain a judgment *nisi* against the defendant.

In *Pennsylvania R. R. Co.* v. *Peoples*, 31 O. S., 537, it is said in the syllabus, "An attachment will not be discharged on the ground that it appears from the answer of the garnishee that he is not indebted and has no property in his possession belonging to the defendant." And Boynton, J., at page 541, said:

"It was held, in *Myers* v. *Smith*, 29 Ohio St., 120, that a defendant in attachment can not ask or secure the discharge of the garnishee on the ground that his answer fails to show that he has property in his hands subject to garnishment. The plaintiff is not concluded by the answer of the garnishee. Where his disclosure is not satisfactory to the plaintiff, Section 218 of the code authorizes the latter to proceed against him by action, and to recover a judgment for the amount of the property and credits of every kind of the defendant in the possession of the garnishee and 'for whatever amount he is shown to be indebted to the defendant.'

"It follows, as a necessary consequence, that if the failure upon the part of the garnishee to disclose an indebtedness to the defendant, or the possession of property belonging to the latter, will not authorize the discharge of the garnishee, such failure constitutes no ground to discharge or vacate the attachment."

Nor can it be said that the garnishee may make his defense in the original action; and primarily for the reason that he is not a defendant in that action; and if his defenses to the claim

of the principal debtor are of such a character that he is entitled
to a jury trial, it is quite evident that he would be deprived of
his day in court if the court should undertake to conclude him
by any action it might take in the original action against the
defendant.

By Section 11853, General Code, it is provided that final judg-
ment against the garnishee shall not be rendered until the action
against the defendant in attachment is determined. If the de-
fendant in attachment is personally served and is before the
court, the rights of the plaintiff can be readily determined and
ascertained. Whether the plaintiff is or is not entitled to the
judgment he prays for in the attachment proceeding can be
ascertained in the action, and does not depend upon the posses-
sion of property by the garnishee belonging to the defendant.
If, however, the defendant is a non-resident, and service by
publication only is had upon him, the rights of the plaintiff,
if any, depend absolutely upon the fact that the garnishee has
property of the defendant in his possession, and that fact can
be ascertained or determined so as to bind the garnishee only
by an action against the garnishee as provided for in Section
11851, General Code. It therefore follows that the conditional
finding of the court in the attachment case or the judgment *nisi*
is not a final judgment in the sense used in these sections of the
General Code, and is only conclusive upon the garnishee for the
property or money actually in possession of the garnishee.

The distinction between the case where personal service is
obtained in an attachment proceeding on the defendants, and a
proceeding where the defendant is a non-resident and service
had by publication, must be borne in mind. The doctrine enunci-
ated in *Caldwell* v. *Lumber Company, supra,* is based upon this
distinction. It is clear, from Section 11853, that if an action
is brought against the garnishee because he fails to answer, or
his answer is unsatisfactory, no final judgment can be rendered
against him until it is first ascertained and determined that the
defendant actually owed the plaintiff upon the claim in his peti-
tion. On the other hand, the action against the defendant who
is a non-resident, and where the service is by publication, can
not proceed to final judgment except as to the amount of prop-
erty actually found in the possession of the garnishee.

While these two situations seem inconsistent, yet in reality they are not so, for by a conditional order or a judgment *nisi* the court does say, that it finds from the evidence before it that the defendant does owe to the plaintiff a certain amount of money, and it makes the further order, conditionally, of course, that any property found in the hands of the garnishee, and to the extent thereof, shall be subject to the payment of the amount so found due or owing to the plaintiff from the defendant.

For the reasons indicated, the motion will be overruled.