Hart, J.
 

 Tbe appellant complains that tbe trial court erred in bolding that an attorney at law representing a loan association in tbe distribution of tbe proceeds of a loan to be made by such association could refuse to answer questions concerning such distribution on tbe ground that to answer would disclose a confidential communication to bis client, tbe loan association; and that tbe trial court erred in bolding that-a garnishee ordered by tbe court to appear for examination as to bis indebtedness to tbe judgment debtor was tbe witness of tbe judgment creditor and could not be called for cross-examination or cross-examined by tbe latter.
 

 This court is of tbe, opinion that tbe trial court did not err in not requiring counsel for tbe garnishee, tbe
 
 *301
 
 Monarch Building
 
 &
 
 Loan Association Company, to disclose the nature of what appeared to the court to be a privileged communication. It might be claimed that where a corporation as garnishee authorizes its legal counsel to answer for it concerning its indebtedness to the judgment debtor, it thereby waives the privilege and makes its counsel available as a witness to answer fully for it. Howéver, the judgment creditor may call as a witness some other officer of the corporation as to whom the privilege does not attach. Since counsel for the judgment creditor did not see- fit to pursue that course, he cannot claim prejudice in the court’s ruling.
 

 Although a garnishee is not a party in the action in the sense that he does not have his day in court and that a final order or judgment may not be made or taken against him
 
 (Secor
 
 v.
 
 Witter,
 
 39 Ohio St., 218, 231), he is not subpoenaed into court as a witness but is brought into the- action by the service of process (Section 11828, General Code) and is required to answer under oath as to Ms indebtedness to the judgment debtor. The garnishee is the witness of neither the judgment creditor nor the judgment debtor. He is a stakeholder or custodian of the funds or property in his hands for one or the other of the litigants as the law may determine. His duty is to let the law have its course between them. He is only bound to disclose the truth, but since the rights of the parties must' depend upon his legal relationship with respect to any indebtedness to the judgment debtor, Ms disclosure must be full and complete.
 

 To secure such a disclosure the statute provides that in addition to the formal answer which shall be made, a special examination of the garnishee shall be had. Section 11830, General Code. And
 
 all questions put to Mm
 
 relating to his indebtedness to the judgment debtor shall be answered. Section 11847, General Code.
 

 
 *302
 
 The judgment creditor is not concluded by the answer of the garnishee
 
 (Myers
 
 v. Smith, 29 Ohio St., 120), and if the garnishee fails to appear and answer, or if he appears and answers and his disclosure is not satisfactory to the judgment creditor, the latter may proceed against the garnishee by civil action in which proceedings may be had as in other actions (Section 11851, General Code); and as an incident to such action the judgment creditor as plaintiff may require the garnishee, as defendant in that action, to answer any and all interrogatories pertaining to the issue, which interrogatories the plaintiff may attach to and file with his petition. 'Sections 11348,11349 and 11350, General Code.
 

 The court denied the judgment creditor the right to cross-examine the garnishee on the ground that the garnishee was not a party to the action and was the judgment creditor’s own witness. Although the matter of admission of testimony in chief in the form of leading questions is largely within the discretion of the court,'yet there are many circumstances under which such testimony should be admitted. A garnishee ordered by the court to answer concerning his indebtedness to the judgment debtor is not a partisan witness presumably favorable to the judgment creditor calling him, and consequently the reason for the rule against propounding leading questions on direct examination does not apply. In fact, the disposition of a witness under such circumstances involving an admission or commitment as to his own indebtedness is often to minimize such obligation or to deny that it exists. He is not a witness of the judgment creditor’s own choice, but he. is one whom the judgment creditor is obliged to call through force of circumstances.
 

 The statute is broad in its terms requiring the garnishee to
 
 “
 
 answer all questions put to bim touching
 
 *303
 
 property of every description, and credits of the defendant in his possession or under his control and truly disclose the amount owing by him to the defendant.” From the very nature and scope of the inquiry it may be and' often is impossible to develop the facts through the medium of an examination which does not permit leading questions. In fact, a searching cross-examination is often the only means of securing the information within the knowledge of a garnishee.
 

 Furthermore, if the answers of the garnishee are unsatisfactory to the judgment creditor the latter may sue the garnishee' and before trial require him to answer interrogatories most leading and searching in character. At the trial, the judgment creditor may cross-examine the garnishee as a party defendant. If such an examination may be pursued, there is no good reason why similar questions may not be put to the garnishee upon his garnishment examination without incurring the annoyance and expense of an action at law. In fact, a full disclosure by the garnishee may be the means of ending the litigation, whereas less than such may be the means of prolonging it.
 

 Under the circumstances of this case, which need not be further recounted, there were facts which cast suspicion upon the
 
 bona fieles
 
 of the relationship and transactions between the G-oldhagens and the judgment debtor. The G-oldhagens were represented by their own personal counsel who placed them in the category of hostile witnesses by his objections to pertinent questions. In the interests of justice, a complete and,, if necessary, a searching examination of Joseph and Becky G-oldhagen as to whether the judgment debtor had an equity in the property, title to which stood in her name and which she is now selling, should have been allowed by the court.
 

 The judgment of the Court of Appeals is reversed
 
 *304
 
 and the cause remanded to the Common Pleas Court for further proceedings according to law.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner and Matthias, JJ., concur.