## Jerome C. Wilson vs. James Arnold and Others.

An affidavit for an attachment, under chapter 114 of Revised Statutes of 1846,* must be sworn to on the day when application is made for the writ. And it makes no difference, in this respect, that the party, or his agent making the affidavit, resides at a distance from the office of the clerk issuing the writ, and the affidavit is transmitted to the clerk, as soon as practicable by the usual course of mail.

An affidavit for an attachment under the chapter referred to, must state positively, and not on information and belief only, that the defendant is indebted to the plaintiff, and the amount of such indebtedness, as near as may be, over and above all legal set-offs; and also that the debt is on contract, express or implied, or on judgment. If the affidavit be defective in these particulars, the Court does not acquire jurisdiction of the case.

Where the want of jurisdiction appears on the record of a court of general jurisdiction, the record is a nullity, and no rights can be acquired by purchasers under it.

*Heard May 5th, 6th, and 7th. Decided May 18th.*

Case reserved from Lapeer Circuit.

The action was ejectment, by the plaintiff against James Arnold, Henry Crapo, and Henry C. Miles.

On the trial, it was admitted by the parties, that plaintiff and defendants Crapo and Arnold, claim title in fee to the undivided half of the premises described in the declaration, through one William G. Wise, who was, on the 22d day of

* Chapter 140 of Compiled Laws.

January, 1849, the owner in fee of the undivided half of the premises, and that Crapo and Arnold are owners in fee of the other undivided half.

And the plaintiff, to maintain the issue on his part, introduced in evidence a deed of the premises from William G. Wise, dated July 1st, 1856, duly executed and acknowledged, and purporting to convey the premises to plaintiff; and also showed that, at the time of the commencement of the suit, defendants were in possession of the premises, claiming the whole thereof, and refusing to recognize any right of plaintiff in the premises. Plaintiff then rested.

Defendants, on their part, introduced in evidence the original record, files, papers, and proceedings had in the late County Court for the county of Lapeer, in a cause commenced by attachment, wherein William Hathaway was plaintiff, and said Wise defendant. It appeared from said record and files that the writ of attachment issued on the 22d day of January, 1849, on the presentation to the clerk of two affidavits, and which were attached to the writ, as authority for issuing the same. One of these affidavits was made at Detroit, January 18th, 1849, by one Lockwood; who, as agent and attorney for and on behalf of said Hathaway, deposed therein, "That William G. Wise is indebted to the said William Hathaway, upon contract, express or implied, in the sum of six hundred and seventy-five dollars over and above all legal set-offs, as this deponent is informed and believes; and that, as this deponent has good reason to believe, the said William G. Wise is not a resident of the State of Michigan, and has not resided therein for three months immediately preceding the time of making this affidavit."

The other affidavit was made at the city of New York, January 6th, 1849, by said Hathaway, whose residence was therein stated to be at Brooklyn, N. Y., and set forth "That William G. Wise, late of Boston, now of Brooklyn aforesaid, is justly indebted to him, the deponent, in the sum of six hundred and seventy-five dollars, over and above all discounts

and set-offs, for money lent and advanced to and for the said William G. Wise, and for interest thereon. And this deponent further says, that he has no security for the money so due to him, as aforesaid; and that although the said Willian G. Wise has repeatedly promised to pay and settle his said indebtedness to this deponent, he has wholly neglected so to do. And this deponent further says, that the said William G. Wise, has not, within thirty days next preceding the date hereof, nor at any other time, resided within the State of Michigan, to the knowledge and belief of this deponent."

And it was admitted that Lockwood's affidavit was presented to the clerk as soon as was practicable by usual course of mail, after the making of the same at Detroit.

The attachment being returned not personally served, and notice to the defendant having been published as required by law, the cause was continued in the County Court until August 7th, 1849, at which time judgment was rendered against Wise, in favor of Hathaway, for $716.04; and, upon execution issued on this judgment, the premises in controversy were sold February 15th, 1850, to Gerardus Clark, under whom defendants claim—no redemption having taken place.

Various objections having been made, on the trial of this cause, to the proceedings in the attachment case, the Circuit Judge reserved the questions arising thereon for the opinion of this Court.

*M. Wisner* and *A. B. Maynard*, for plaintiff:

The statute requires, in the affidavit for attachment, a *positive statement* of the indebtedness. This must be sworn to by the creditor, or by some person on his behalf who *knows the fact to exist.* Courts get no jurisdiction to issue process of attachment until such affidavit is made, as contemplated by law.—13 *Wend.* 46; 18 *Wend.* 611; 14 *Wend.* 237; 14 *Barb.* 96; 3 *Cow.* 206; 4 *Denio,* 118; 1 *Selden,*

164; 1 *Chand. Wis.* 29; 11 *Humph.* 108; 1 *Conn.* 45; 13 *Ohio*, 506; *Drew vs. Dequindre*, 2 *Doug. Mich.* 93; *Green-vault vs. F. & M. Bank, Ibid.* 509.

The statement of the indebtedness on information and belief only, is in direct violation of the statute.—2 *Doug. Mich.* 432; 4 *Denio*, 93; *Ibid.* 118; 4 *Hill*, 598; 3 *Mich.* 278; 2 *Mich.* 419; 1 *McLean*, 471; 9 *Ga.* 598.

The affidavits do not show that the debt was *due* to Hathaway, as the statute requires.

The proceedings in the attachment case are void, for the reason also that the affidavits for the writ were made several days before the writ issued.—*Drew vs. Dequindre*, 2 *Doug. Mich.* 93.

*C. I. Walker*, with whom were *Howard, Bishop & Holbrook*, for defendants:

1. By the Revised Statutes of 1846, in view of the decision in *Drew vs. Dequindre*, 2 *Doug. Mich.* 93, a most significant change has been made in the law on the subject of issuing attachments. By the statutes of 1838, the affidavit was required to state that defendant "does not reside in this State, and has not resided therein for three months *immediately preceding the time of making application for such attachment.*" By the Statutes of 1846, the affidavit must state that the defendant "is not a resident of this State, and has not resided therein for three months *immediately preceding the time of making such affidavit.*"

The true doctrine now is, that the affidavit may be made a *reasonable time* before the issuing of the writ—that reasonable time to depend on the circumstances of each case. —*Drake on Attach.* 117.

An affidavit sworn to out of the State would be good. —8 *Blackf.* 231; 3 *Mo.* 348.

The only possible objection there can be to the affidavit bearing date before the writ, is that the debt may be paid between the date of the one and the other; but the legal

WILSON *vs.* ARNOLD.

presumption is that things remain in *statu quo.*—1 *Greenl.*
*Ev.* §541.

2. The objection that the affidavit of Lockwood is defec-
tive, from stating the indebtedness on information and belief,
is not well taken.—1 *Gill*, 372, 380; 2 *Wend.* 298; 2 *Humph.*
443; 6 *How. Miss.* 254; 3 *Harr.* 217; 26 *Miss.* 144; 3 *Barb.*
112; 12 *La.* 345; 7 *Mo.* 453; 4 *Mich.* 504; *Drake on At-
tachments*, 105.

Under the New York statute requiring *proof* of all the
grounds, facts, and circumstances, it has been held that it is.
sufficient to swear to the fraudulent intent on belief, if the
facts and circumstances on which the belief was founded are
set forth.—1 *Barb.* 555. The affidavit of Hathaway consti-
tuted the facts and circumstances on which Lockwood based
his belief, and these appear of record. And see 7 *Barb.*
661; 18 *Wend.* 614.

3. Lockwood's affidavit sufficiently showed that the debt
was due. The expression *indebted* upon a contract, is pre-
cisely similar in its legal effect to saying there is a sum *due*
upon contract.—7 *Humph.* 210; 16 *Ark.* 111; 10 *Mo.* 273;
24 *Miss.* 564.

4. The proceedings in the County Court can not be at-
tacked in a collateral suit.—10 *Pet.* 449; 5 *McLean*, 149;
15 *Ohio*, 435; 17 *Ohio*, 409. None of the objections made
are jurisdictional. Filing the affidavit, issuing the writ, and
attaching the property *give* jurisdiction.—15 *Ohio*, 435.
However great the irregularities, the judgment is valid and
conclusive until set aside.—2 *Mo.* 228; 1 *Mor.* 55; 6 *Ala.*
154; 9 *Ala.* 214; 2 *Bev. & Batt.* 504; 3 *McC.* 201; *Ibid.*
345; 2 *Litt.* 235; 3 *B. Monr.* 80; 1 *Rich.* 412; 2 *Chand.*
116; 4 *Blackf.* 264; 16 *Pet.* 600; 2 *How.* 319; 6 *How.* 30;
14 *How.* 586.

While not conceding the reasoning of the Court in *Green-
vault vs. F. & M. Bank*, 2 *Doug. Mich.* 498, to be sound,
it is submitted that that case establishes the position that, *as
between the parties to the attachment suit*, the judgment

founded on a writ which issued without affidavit is void, and may be attacked collaterally;' and limits the force and effect of the decision to those parties. In this case, defendants are not parties to the original suit, but *bona fide* holders and innocent purchasers.

Manning J.:

In *Drew vs. Dequindre*, 2 *Doug. Mich.* 93, the affidavit was sworn to on the 10th of June, and the writ was issued on the 12th of that month; and it was held the affidavit should have been sworn to on the day the application was made for the writ. That case is decisive of the present. The phraseology of the statute under which the proceedings in that case were had, differs, it is true, from that in the present statute. In the Revised Statutes of 1838, the language is "immediately preceding the time of making application for such attachment." In the present law it is "immediately preceding the time of making such .affidavit."—*R. S. of* 1846, *page* 514; *Comp. Laws*, § 4743. We do not think this difference in the phraseology very material, or that it was made with an intention of changing the law. If the attachment-law in the Revision of '46 was in all respects a copy, with the exception stated, of the Revision of '38, there would be some ground for saying, and it might well be argued, that the change in the phraseology was made with a view of changing the law. But to such an argument it might very pertinently be asked, Why, if the Legislature intended to change the law, they did not fix the time in which the writ might be issued after the affidavit was made, or say within a reasonable time thereafter? The two attachment-laws are so dissimilar, it can with no propriety be said the latter is a copy of the former, with a few slight alterations or changes, made necessary by experience between the two Revisions.

It was argued the plaintiff should have a reasonable time after making the affidavit to sue out the writ. What is a reasonable time? In one case, it may be two days; in an-

other, double that time; and in another, instead of days, weeks might not be thought unreasonable. One of the affidavits on which the attachment was issued in the case before us, was sworn to, in the city of New York, sixteen days before the writ was issued. By what facts and circumstances is the reasonableness of the time to be determined? By the residence of the party? By the facility of intercommunication between different points? Are railroads, and accidents occurring on them, the state of the weather, and the transportation of the mail, to be taken into the account? We fear if we had power to give such a construction to the statute, and should so construe it, more evil than good would be done by it. The uncertainty it would throw over the title of real estate taken on attachments, would more than counterbalance its advantages. A jurisdictional question, above all others, should not be left in so much uncertainty.

The facts required to be stated in the affidavits, to give the Court jurisdiction, must exist at the time the writ of attachment is issued. By reason of this, it is true, the plaintiff in attachment, in many cases, may be subjected to great inconvenience when he happens to reside at a distance from the clerk's office from which the writ must issue. If this be an evil, it must be remedied by the Legislature, and not by the Court. It is for the Court to declare what the law is — not to make it.

It must be positively stated, and not on information and belief only, that the defendant is indebted to the plaintiff, and the amount of such indebtedness, as nearly as may be, over all legal set-offs. It must also appear that the debt is on contract, express or implied, or on judgment. All these facts must be sworn to positively; not necessarily in the words of the statute, but in language equivalent to that of the statute. The other facts to be stated in the affidavit need not be stated positively, for the statute itself discriminates between the facts to be sworn to positively, and those that need not be so sworn to.

Lockwood's affidavit is clearly defective, because it states the indebtedness on information and belief only; and Hathaway's affidavit is also defective, in not stating the non-residence of the defendant in the State for three months immediately preceding the time of making it. We do not stop to inquire whether both affidavits, if considered together, would make out all of the requirements of the statute, as Lockwood's was sworn to four days before the writ was issued, and Hathaway's sixteen days before; and the inquiry, for that reason, would not avail anything in the present case.

Other points were made and discussed, on the argument, which it is unnecessary for us to decide, except, perhaps, one made by defendants; namely, That the judgment in the attachment suit is valid and conclusive as to *bona fide* purchasers until it is set aside, if not as between the parties to it. When the want of jurisdiction appears on the record of a court of general jurisdiction, the record is a nullity, and no rights can be acquired under it. To hold otherwise, would be giving to courts a right, by the forms of law only, to take property from one individual, against his consent, and give it to another, by an ex parte proceeding not authorized by law. If it be said it is necessary to protect innocent purchasers, we reply, When one of two innocent persons must suffer, he who is most in fault must be the victim. Now, who is most in fault,—the defendant in the attachment suit, who knows nothing of the proceedings instituted against him (for he may in fact know nothing of them, or they may have been instituted in such a way that he is not bound to take notice of them), or he who purchases property under such proceedings, without looking into them to see whether they are authorized by law? It is a well settled principle, that one who purchases property without looking into the title-deed of his grantor, is, by his own negligence, chargeable with notice of any defect in the title, appearing on the face of such deed.

It must be certified to the Circuit Court for the County

of Lapeer, as the opinion of this Court, that the writ of attachment, and all the proceedings had under it, are void and of no effect.

The other Justices concurred.