## Charles B. Fessenden v. Samuel W. Hill.

The affidavit for attachment under chapter 140 of the Compiled Laws must be made on the day on which the writ issues.

Where, on writ of error, an objection is taken which goes to the jurisdiction of the court below, and is fatal to the judgment brought up for review, the Court will not pass upon the other questions made upon the record.

*Heard and Decided January 12th.*

Error to the District Court for the Upper Peninsula.

Hill commenced suit against Fessenden in the District Court of the Upper Peninsula, for the county of Houghton, by attachment. The affidavit for attachment, based upon the non-residence of a defendant, was made February 23d, 1857, and the writ issued thereon bore date two days thereafter. Property was attached by virtue of this writ, but Fessenden was not personally served, and did not appear in the cause. Judgment having passed against him by default, he brought the case to this Court by writ of error, alleging several grounds of error.

*C. I. Walker*, for plaintiff in error, stated that there were several questions of importance presented by the record, which it was desirable to have settled, if the Court would hear and pass upon them.

THE CHIEF JUSTICE:

The affidavit in this case having been made two days before the writ issued, the judgment can not be supported. — *Wilson v. Arnold*, 5 *Mich.* 98. This point being decisive of the case, we do not think it proper for us to hear an argument upon the other questions raised, and give opinions upon them.

*Judgment reversed.*

MANNING J. did not sit in this case.

There was no appearance for defendant in error.