## WILLIAM C. BURNS vs. GEORGE P. KINNE.

1. An affidavit for an attachment under § 4743, *Comp.,Laws*, stated in positive language the amount of the indebtedness of the defendant to the plaintiff, at a certain sum, without using the qualifying words of the statute, "as near as may be," *Held*, sufficient.

2. The affidavit also stated in positive terms the non-residence of the defendant, without using the prefatory statement "that the deponent knows," or "that the deponent has good reason to believe," specified in the statute. *Held*, sufficient, und that in each particular there was a substantial compliance with the statute.

*Branch Circuit, February*, 1871.

Motion to quash writ of attachment and set aside the proceedings thereunder, on the grounds :

1. That in the affidavit for the attachment the deponent in stating the amount of the indebtedness of the defendant did not in substance or in fact use the qualifying words, " as near as may be," as prescribed by the statute, § 4743, *Comp. Laws.*.

2. That the deponent in swearing to the non-residence of the defendant did not in substance or in fact use the qualifying words, " that the deponent knows, or has good reason to believe," &c., as prescribed by the statute.

The affidavit on which the attachment issued is in the words and figures following, viz :

"STATE OF MICHIGAN, }
  COUNTY OF BRANCH. } ss.

William C. Burns, being duly sworn, says that he resides at the

city of Coldwater, in said county, that George P. Kinne is indebted to him, the said William C. Burns, in the sum of four thousand dollars and interest thereon, from the 21st day of November, A. D. 1870, over and above all legal-set-offs, and that such indebtedness is due and owing upon express contract, and the whole amount thereof is now due. Deponent further says that the said George P. Kinne is not a resident of this State of Michigan, and does not and has not resided therein for three months immediately preceding the time of making this affidavit, but that said George P. Kinne has for a long time and still does reside in the county of Steuben, in the State of New York.

W. C. BURNS.

Subscribed and sworn to before me, this 30th day of December, 1870.

FRANCIS M. BISSELL,
Clerk."

*Levi Sprague,* Defendant's Attorney for the motion.

*Shipman & Loveridge,* Plaintiff's Attorneys.

*By the Court,* UPSON, J.—In the affidavit for the writ of attachment in this case, the deponent has sworn directly and positively to the fact and the amount of indebtedness to him, without using the words, "as near as may be," which are given in the statute in this connection, § 4743, C. L. He also swears directly and positively to the fact of the non-residence of the defendant, without prefacing his statement with the words, "that the deponent knows," or that the deponent has good reason to believe," as prescribed by the same statute in that connection. It seems to me that the legal effect of the affidavit is the same as, or if possible stronger in its positiveness of statement in each particular, than if the qualifying words insisted upon in the statute had been used.

In each of these particulars, on an indictment for perjury against the deponent, if it were made to appear that he knew nothing of the matter he so positively swears to, he would be found guilty of perjury even though what he swore to may happen to be true. 2 *Russ. on Crimes,* 597.

He is allowed by the statute to use the qualifying or modifying

words where his own knowledge may be so defective or limited as to require such use. If he swears to the necessary fact or facts unqualifiedly and positively, I see no impropriety or injustice in holding him to swear to it in his affidavit, on his own knowledge and as correct, he having had the opportunity to qualify it under the statute if not within his knowledge, or if not exactly correct in amount. In the matter of non-residence also, he gives in the affidavit the further fact in support of the allegation, that the defendant is a resident of the State of New York. On this point the language of the affidavit is almost literally like the one in *Dorr vs. Clark*, as given in the opinion of the Court, 7 *Mich. R.*, 312 ; which affidavit was held sufficient, although the point there raised is not precisely like the one made here.

In *Wilson vs. Arnold*, 5 *Mich.*, 104, the Court say, in speaking of the statement in the affidavit of the indebtedness, the amount and that it was on contract : " All these facts must be sworn to positively ; not necessarily in the words of the statute, but in language equivalent to that of the statute. The other facts to be stated in the affidavit need not be stated positively, for the Statute itself discriminates between the facts to be sworn to positively, and those that need not be so sworn to." See also the case of *Barker vs. Thorn*, decided by the Supreme Court, April, 1870.

The affidavit in this case must be considered a substantial compliance with the statute, and therefore sufficient. Motion denied, with $5 costs.