### Abram M. Wellover v. George G. Soule.

*Garnishee proceedings : Return day of summons : Clerical error : Appearance and answer : Waiver.* A mere clerical error as to the month in the return day of a garnishee summons is waived by appearance and answer on the day intended, and is not fatal to the proceedings ; and the summons might be amended in this regard after answer, or the mistake be disregarded.

*Garnishee proceedings : Separate liability.* A garnishee defendant cannot be held where his answer negatives any separate liability to the principal defendant.

*Garnishee proceedings : Justice's courts : Answer : Evidence : Appeal.* The garnishee's answer, made on oath and subscribed in the justice's court, is entitled to be considered as evidence on the trial of the cause on appeal in the circuit.

*Correct conclusion : Wrong reason.* A correct judgment will not be reversed because an invalid reason was given for a conclusion which was correct.

*Submitted on briefs October 23.    Decided October 30.*

Error to Allegan Circuit.

Wellover sued one Emily Piersons before a justice of the peace and garnished George G. Soule.    The garnishee summons was dated April 28, 1873, and was served the same day.    The return day named in the summons was *April* 10th, 1873.    On *May* 10th, 1873, the garnishee defendant appeared and answered.    His answer showed that he individually was not indebted to the principal defendant, but that the firm of Winegar & Soule, of which he was a member, was indebted to her in the sum of one hundred and eighty-two dollars.    The justice having rendered judgment in favor of the garnishee defendant, the plaintiff appealed to the circuit, where the cause was dismissed, on motion of the appellee, for want of jurisdiction, on the ground that there was no service of a proper garnishee summons.    The plaintiff thereupon brought error.

*Jacob V. Rogers,* for plaintiff in error.

*Silas Stafford,* for defendant in error.

COOLEY, J.

The circuit judge was mistaken in supposing that the error of the justice in making the garnishee summons returnable on the tenth day of April, instead of the tenth day of May, was fatal to the proceedings.    This was obviously a mere clerical error, and the appearance and answer of the garnishee on the day intended, was a waiver of the error, and the summons might then have been amended, or the mistake disregarded.

But we also think that no mistake has been committed of which the plaintiff can complain.    The garnishee's answer negatived any separate liability to the principal

debtor, and in any event judgment must have passed in his favor. This was ruled in *Newell v. Blair,* 7 *Mich.,* 103, which is decisive of the present case. The only error committed by the circuit judge was in giving an invalid reason for his conclusion; but this constitutes no ground for reversing a correct judgment.

The judgment must be affirmed, with costs.

The other Justices concurred.