### MILLARD v. LENAWEE CIRCUIT JUDGE.

1. GARNISHMENT—SUFFICIENCY OF AFFIDAVIT.

An affidavit for a writ of garnishment, made upon the same day with the commencement of the original suit, and reciting that the suit is " about to be commenced," is sufficient under 3 How. Stat. § 8058, providing that the affidavit shall be filed " at the time of or after the commencement of suit," but not specifying the time for making it.

2. SAME—CLERICAL ERROR IN SUMMONS.

A garnishee summons which, by a clerical mistake, warns the agent of the plaintiff who made the affidavit, instead of the garnishee, to pay no more money to the principal defendant, is not fatally defective, but may be amended so as to conform with the statute.

*Mandamus* by Ida M. Millard to compel Victor H. Lane, circuit judge of Lenawee county, to vacate an order quashing certain proceedings in garnishment. Submitted November 5, 1895. Granted November 19, 1895.

*Watts, Bean & Smith,* for relator.

*Morgan & Priddy,* for respondent.

GRANT, J. Relator sued one Mrs. Hays, garnishing Waldby & Clay's State Bank. The bank filed a disclosure, and afterwards moved to quash the garnishee pro-

ceedings, which motion prevailed. The object of this petition is to set aside that order.

1. The affidavit for the writ of garnishment was made before the original suit was commenced, but on the same day, and stated that "a suit was about to be commenced." The statute does not require the affidavit to be made at the time of or after the commencement of suit, but provides that such affidavit shall be filed with the clerk "at the time of or after the commencement of suit." 3 How. Stat. § 8058. Where the affidavit is made upon the same day with the commencement of suit, the court acquires jurisdiction.

2. The affidavit was made by Henry C. Smith, as agent and attorney of plaintiff. The garnishee summons was drawn upon a printed blank, reciting that a suit had been commenced against the principal defendant, and by a clerical mistake it warned the said "Henry C. Smith, agent and attorney of Ida M. Millard, thenceforth to pay no money to the said Mrs. J. A. Hays." The statute requires the garnishee defendant to be warned to pay no money to the principal defendant. The court below held the failure to do this to be a fatal defect, and quashed the proceedings for that reason. We think the court was in error. The summons unmistakably showed upon its face that this was a clerical error. It required no extraneous evidence to show it. It follows that the amendment of the writ was proper, and should have been allowed, permitting the insertion of the name of the bank in place of Henry C. Smith.

The writ will issue as prayed.

The other Justices concurred.