CLARENCE HODSON & CO. v. WILLS SAINTE CLAIRE.

GARNISHMENT—CLERICAL ERROR SHOWN ON FACE OF PAPERS COULD BE AMENDED OR DISREGARDED.

> Where affidavit for writ of garnishment was made on August 11th and filed on August 12th, and writ was issued on August 12th, but, by clerical error which is shown on face of papers, was dated August 11th, error is one which could be corrected by amendment or disregarded.

Error to Wayne; Marschner (Adolph F.), J. Submitted June 20, 1929. (Docket No. 107, Calendar No. 34,389.) Decided October 7, 1929. Rehearing denied January 24, 1930.

Garnishment proceedings by Clarence Hodson & Company, Incorporated, against Frank J. Durling, principal defendant, and Wills Sainte Claire, Incorporated, garnishee defendant. From judgment for plaintiff on the statutory issue, garnishee defendant brings error. Affirmed.

*John McNeil Burns* (*Allan M. Thompson,* of counsel), for plaintiff.

*Stevenson, Butzel, Eaman & Long* (*Leo W. Kuhn,* of counsel), for garnishee defendant.

FEAD, J. Affidavit for writ of garnishment was made August 11th and filed August 12th. Writ of garnishment was issued under date of August 11th, but it recited that the affidavit had been filed in the office of the clerk of court. The affidavit and writ bear corresponding erasures and corrections which indicate simultaneous action upon them. The writ was served August 12th. Garnishee defendant filed disclosure admitting debt to the principal defendant. On trial of the statutory issue before the court without a jury, garnishee defendant challenged the jurisdiction on the ground that the writ had been issued before the affidavit was filed. No testimony was taken.

We think the face of the papers themselves shows that the date in the writ was merely a clerical error which could be corrected by amendment or disregarded. *Wellover* v. *Soule,* 30 Mich. 481; *Millard* v. *Lenawee Circuit Judge,* 107 Mich. 134; 28 C. J. p. 224.

Judgment for plaintiff is affirmed.

NORTH, C. J., and WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.