SHEVIN *v.* VENDERBUSH COMPANY.

1. APPEAL AND ERROR—GARNISHMENT—MOTION TO QUASH—ALLEGA-
TIONS OF DECLARATION ASSUMED TO BE TRUE.

For purpose of determining question as to propriety of order
quashing writs of garnishment issued upon filing declaration
claimed to be sounding in tort seeking recovery against prin-
cipal defendant for unliquidated damages, Supreme Court
must assume allegations contained in plaintiff's declaration
are true.

2. GARNISHMENT—DECLARATION—ASSUMPSIT—LIQUIDATED DAMAGES.

Declaration which set forth contract for purchase and installa-
tion of cooling system for plaintiff's theater, warranty that
in case it was subsequently declared illegal seller would re-
turn consideration paid by buyer, such sum paid was stated
and demand therefor and refusal thereof made *held*, to set
forth cause of action in assumpsit in which damages were
liquidated, hence order quashing writs of garnishment based
thereon cannot be sustained (3 Comp. Laws 1929, § 14857).

3. SAME—STATUTES—CONSTRUCTION.

Garnishment proceedings are statutory and must be strictly
construed (3 Comp. Laws 1929, § 14587 *et seq.*).

4. SAME—AFFIDAVIT—FILING—JURAT.

Statute requiring filing of affidavit for writ of garnishment at
the time of or after commencement of suit to entitle plaintiff
to writ of garnishment does not expressly, or by implication,
require such affidavit to be sworn to on the very day that
it is to be filed as the basis of the suit (3 Comp. Laws 1929,
§ 14587).

5. SAME—AFFIDAVIT MADE BEFORE COMMENCEMENT OF SUIT.

Affidavit for writ of garnishment made before the original suit
was commenced *held*, sufficient in the absence of an express
statutory requirement that the affidavit be made at the time
of or after commencement of the suit provided such a length
of time does not elapse before its use that the inference may
be drawn that the state of facts alleged has changed.

Appeal from Wayne; Stein (Christopher E.), J., presiding. Submitted April 16, 1937. (Docket No. 109, Calendar No. 39,470.) Decided June 7, 1937.

Garnishment proceedings by Samuel T. Shevin and others, doing business as Senate Theatre, against Venderbush Company, a Michigan corporation, principal defendant, and Adams Amusement Company, Harry Kohn's Sea Food Grill, Inc., and Bernhardt Theatre Company, Michigan corporations, garnishee defendants. Writs dismissed. Plaintiff appeals. Reversed.

*Jos. B. Beckenstein,* for plaintiff.

*Harry H. Janower* (*C. H. Lehman,* of counsel), for principal defendant.

CHANDLER, J. This is an appeal from an order quashing writs of garnishment issued in an assumpsit action. There was no trial on the merits. The garnishment writs were quashed on the motion of the principal defendant, the motion alleging:

"1. That writs of garnishment are fatally defective because they are based upon an affidavit signed and notarized on November 19, 1936, whereas the affidavit was filed on November 20, 1936, when the writs of garnishment were issued.

"2. That the declaration filed in this cause of action is based upon a breach of contract and the only amount that the plaintiff can possibly recover is unliquidated.

"3. That the declaration is one sounding in tort, although suit is commenced as an assumpsit action and it is impossible to garnishee the damages recoverable in a tort action, although commenced as an assumpsit action the amount of the recovery must be necessarily unliquidated.

"4. Because the declaration on file shows on its face that the claim is not for a liquidated amount and no valid writ of garnishment may issue.

"5. Because said writs of garnishment were issued contrary to 3 Comp. Laws 1929, § 14857, and is an abuse of process of this court."

At the time of the hearing on the motion testimony was taken showing that the affidavits for the writs of garnishment were made at nine o'clock in the evening on the 19th day of November, 1936. The declaration with rule to plead was filed November 20, 1936, and at that time the three affidavits for writs of garnishment were filed, dated November 19th as aforesaid, and upon the filing of said affidavits on November 20, 1936, writs of garnishment were issued, one naming Adams Amusement Company, a Michigan corporation, one naming Harry Kohn's Sea Food Grill, Inc., a Michigan corporation, and one naming Bernhardt Theatre Company, a Michigan corporation, garnishee defendants. All of said affidavits are identical in form as well as regular as were the writs issued thereon.

Upon the hearing of said motion for the dismissal of said writs of garnishment the circuit judge before whom said motion was heard entered an order quashing the writs of garnishment issued as aforesaid and declared the same to be null and void. This order was filed on January 8, 1937. No reasons are stated in the order for the granting of said motion.

One of the reasons given in the motion for dismissal was that the declaration filed by plaintiffs is one sounding in tort and seeks recovery against the principal defendant for unliquidated damages, and that, therefore, no valid writ of garnishment may issue.

For the purpose of determining this question we must assume that the allegations contained in plain-

tiffs' declaration are true. There are two counts in plaintiffs' declaration. Both of the counts are in assumpsit. The facts, as alleged in said declaration are that in September of 1933 a written contract was made between the plaintiffs, doing business as Senate Theatre, with the principal defendant, Venderbush Company, a Michigan corporation, wherein the defendant agreed to sell to plaintiffs and to install in their theater a cooling system, and that said contract contained amongst other things the following warranty:

"1. That the cooling system will function according to the purpose for which it is installed. * * *

"It is further agreed between the parties hereto that if within a period of five years the operation of this system is declared invalid or illegal by any city, State or Federal authority or by any judicial judgment, decision or decree, then and in such case, this entire contract will be null and void and the equipment installed upon the premises be removed by the party of the first part and all consideration money paid thereunder be returned to the party of the second part."

The declaration further alleges that plaintiffs paid to the defendant for the installation of said equipment the sum of $7,460, and that on or about July 21, 1936, an ordinance was enacted by the city of Detroit by virtue of which it was made unlawful to utilize sewers of the city of Detroit in conjunction with the cooling system installed by defendant for plaintiffs; that by reason thereof the said equipment was rendered useless for the purpose for which it was installed. The declaration further alleges that the plaintiffs repeatedly notified defendant of this condition and requested defendant to remedy the same, that defendant ignored such requests and failed and

refused to remedy such conditions, that plaintiffs then demanded that said defendant remove said installation from the premises of plaintiffs and pay to plaintiffs the sum of $7,460 which plaintiffs had paid to defendant in consideration of the installation of said equipment in their theater, and that defendant refused to return the money so paid by plaintiffs and that thereby defendant has become liable to plaintiffs for the sums of money so paid to defendant for the installation of said equipment rendered worthless to plaintiffs by the enactment of the ordinance of said city of Detroit above referred to. Under these circumstances we are compelled to find that plaintiffs' declaration sets forth a cause of action in assumpsit against the principal defendant, and that the damages sought are liquidated, being in the sum of $7,460 which is the amount stated in the affidavits for writs of garnishment in this cause.

If the order of the court dismissing said garnishment suits is to be sustained, it, therefore, must be because the affidavits for the writs of garnishment against the garnishee defendants herein were invalid by reason of having been sworn to the day preceding the issuance of the writs of garnishment.

Defendant and appellee contends that the writs of garnishment in this cause are fatally defective because they are based upon affidavits signed and sworn to November 19, 1936, and were not filed until November 20, 1936, when the writs of garnishment issued. The garnishment statute (3 Comp. Laws 1929, § 14857 *et seq.*) provides in part as follows:

"In all personal actions arising upon contract brought in the several courts or in municipal courts of civil jurisdiction, whether commenced by declaration, writs of capias, summons or attachment, and in all cases where there remains any sum unpaid upon

any judgment or decree rendered in any of the several courts hereinbefore mentioned or upon any transcript of a judgment filed in said courts, if the plaintiff, his agent or attorney, shall file with the clerk of said circuit court at the time of, or after the commencement of, suit, or at any time after rendition of judgment or decree or the filing of a transcript of judgment, an affidavit stating that he has good reason to believe, * * * a writ of garnishment shall be issued."

Counsel cite numerous cases wherein this court has held in attachment cases that inasmuch as the remedy by attachment is regulated by statute and unknown to common law great strictness is required and that any substantial deviation from the statute would be fatal to the proceeding. In *Drew* v. *Dequindre,* 2 Doug. (Mich.) 93, this court said:

"We think the affidavit should be sworn to on the day the application is made for the writ, for the reason that the defendant might become a resident of the State between the time when the affidavit is sworn to, and the application for the attachment. The affidavit is, therefore, defective in this respect."

In the case of *Wilson* v. *Arnold,* 5 Mich. 98, the affidavit for attachment was sworn to four days before the writ was issued. The court held that this variance was fatal.

Counsel for defendant states, quoting from his brief:

"In the case of *Fessenden* v. *Hill,* 6 Mich. 242, the affidavit for writ of garnishment was issued on February 23, 1857, and the writ issued thereon was dated February 25, 1857. I quote in full the opinion of the court:

" 'The affidavit in this case having been made two days before the writ issued, the judgment cannot be supported, *Wilson* v. *Arnold,* 5 Mich. 98.' "

It might be well at this time to call the attention of counsel to the fact that this court, frequently at least, checks cases cited in the briefs to ascertain the correctness of excerpts quoted, and to determine the applicability of the cases cited to the case under consideration. We have done so in this instance, and find that the case of *Fessenden* v. *Hill,* 6 Mich. 242, was not a garnishment case as counsel says in his brief, but was an attachment case wherein the affidavit was made two days before the writ was issued, and therefore has no application whatsoever to the instant case.

The statute governing the making and filing of affidavits for writs of attachment now in effect (3 Comp. Laws, 1929, § 14764, subd. 6), provides:

"That such affidavit shall not be deemed insufficient by reason of the intervention of a day between the date of the jurat to such affidavit, and the issuing of the writ, and that when the person making such affidavit shall reside in any other county in this State, than that in which the writ of attachment is to issue, one day's time for every thirty miles travel, by the usual post route, from the residence of such person to the place from which such writ shall issue, shall be allowed between the date of such jurat and the issuing of such writ, and Sundays and legal holidays shall not be counted as intervening days in any case."

Counsel insists that garnishment is so clearly analagous to attachment as to be subject to the rules and decisions of the court relative to the filing of affidavits for, and issuance of, writs of attachment. We are not in accord with this contention of counsel. True, garnishment proceedings are statutory and must be strictly construed, but the statute (3 Comp. Laws, 1929, § 14587) does not expressly, nor by im-

plication, require the affidavit to be sworn to on the very day that it is to be filed as the basis of the suit; the statute merely requires the *filing* of the affidavit at the time of or after commencement of suit to entitle him to a writ of garnishment. We find no decisions in this or any other jurisdiction that has any tendency to support the contention of defendant that an affidavit for writ of garnishment made one day before date of filing renders the proceedings had thereon invalid. See *Clarence Hodson & Co.* v. *Wills Sainte Claire, Inc.,* 248 Mich. 319. The opinion of Justice FEAD being short, we quote in full:

"Affidavit for writ of garnishment was made August 11th and filed August 12th. Writ of garnishment was issued under date of August 11th, but it recited that the affidavit had been filed in the office of the clerk of court. The affidavit and writ bear corresponding erasures and corrections which indicate simultaneous action upon them. The writ was served August 12th. Garnishee defendant filed disclosure admitting debt to the principal defendant. On trial of the statutory issue before the court without a jury, garnishee defendant challenged the jurisdiction on the ground that the writ had been issued before the affidavit was filed. No testimony was taken.

"We think the face of the papers themselves shows that the date in the writ was merely a clerical error which could be corrected by amendment or disregarded. *Wellover* v. *Soule,* 30 Mich. 481; *Millard* v. *Lenawee Circuit Judge,* 107 Mich. 134; 28 C. J. p. 224.

"Judgment for plaintiff is affirmed."

If there be no statutory provision fixing the time, with reference to the filing, within which the affidavit

may be made, the following from 28 C. J. p. 209 should be held to be the general rule:

"In the absence of an express requirement that the affidavit be made at the time of or after the commencement of the suit an affidavit made before the original suit was commenced has been held sufficient, provided such a length of time does not elapse before its use that the inference may be drawn that the state of facts alleged has changed."

An order may be entered reversing and vacating the order of the circuit court, granting defendants' motion to quash. Plaintiff will recover costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and POTTER, JJ., concurred.