578 P.2d 634

**Dorsey DeSUNO and Michael DeSuno, and Dorsey DeSuno as next of friend of Donna Teuscher DeSuno and Donna Teuscher DeSuno, Appellants,**

v.

**SAFECO INSURANCE COMPANY OF AMERICA, a corporation, Appellee.**

**No. 1 CA–CIV 3348.**

Court of Appeals of Arizona,
Division 1,
Department B.

May 2, 1978.

Tilker, Burke, Mastrovito & Jonas, Richard A. Johnson, Michael J. Mastrovito, Scottsdale, for appellants.

Kunz & Stinson, Ltd., Richard M. Waugh and William G. Stinson, Jr., Phoenix, for appellee.

OPINION

OGG, Judge.

The determinative issue in this appeal is whether an answer of a garnishee must be controverted within the twenty day statutory time limit.

In 1972 the appellants DeSuno filed a negligence action in the Maricopa County Superior Court against the Stibers. The DeSunos and Stibers entered into a settlement agreement concerning this litigation whereby the DeSunos agreed not to execute or levy against the Stibers in exchange for the sum of $1000. As further consideration the Stibers assigned to the DeSunos any rights they might have against the appellee Safeco Insurance Company of America. Approximately three months later an uncontested judgment in the sum of $150,033 was awarded to the DeSunos against the Stibers.

Thirty days later the DeSunos commenced garnishment proceedings against Safeco. On June 11, 1975, Safeco filed a timely answer to the writ of garnishment, denying any indebtedness to the Stibers and specifically stating it had no insurance poli-

cy in effect covering the Stibers at the time of the accident. On that same date, a service copy of the answer was mailed to the attorney for the DeSunos. On July 14, 1975, the appellants DeSuno filed an affidavit to controvert the answer of Safeco. No tender of issue was filed at that time to challenge the propriety of the verified answer to the writ of garnishment.

On July 12, 1975, Safeco filed a motion for discharge. On July 14, 1975, the DeSunos filed an affidavit controverting the answer of the garnishee Safeco and thereafter, on July 17, 1975, a tender of issue was filed pursuant to ARS § 12–1590 A.[1]

The trial court, after a hearing, granted Safeco's motion for discharge pursuant to ARS § 12–1581 on the grounds that the DeSunos had failed to timely controvert the answer of the garnishee as required by ARS § 12–1589. The DeSunos have appealed from the judgment discharging the garnishee Safeco.

ARS § 12–1589 provides:

If the plaintiff or the defendant is not satisfied with the answer of the garnishee, *he may controvert the answer within twenty days after filing of the answer* if the cause is pending in the superior court, and within five days after the filing if in a justice's court, by an affidavit in writing, signed by him or some one for him, stating that he has good reason to believe and does believe that the answer of the garnishee is incorrect, and in what particular he believes it is incorrect. [Emphasis added]

The authority of the court to discharge a garnishee is set out in ARS § 12–1581 A:

If it appears from the answer of the garnishee that he is not indebted to defendant and was not indebted when the writ was served on him, and that he does not have in his possession any property of defendant, and did not have when the

writ was served, and if the answer is not controverted, the court shall enter judgment discharging the garnishee.

The DeSunos argue that the dismissal of the garnishment is in controvention of Arizona law and violates public policy. Specifically, the DeSunos contend the use of the word "may" in ARS § 12–1589 compels the conclusion that the legislature did not intend the twenty day time limitation in the statute to be mandatory and strictly enforced. The DeSunos reason further that the thirteen day late filing did not prejudice Safeco and it would be inequitable to bar them from having the issues of this action resolved on the merits.

Safeco argues that garnishment is a statutory proceeding and all pleadings under it must be strictly construed in accordance with the statute. *State v. Allred*, 102 Ariz. 102, 425 P.2d 572 (1967); *Patrick v. Associated Drygoods Corp. (Goldwater's Div.)*, 20 Ariz.App. 6, 509 P.2d 1043 (1973).

It is our opinion that the trial court was correct in discharging the garnishee Safeco. In this case the DeSunos did not file a controverting affidavit until more than a month had elapsed after Safeco had filed the garnishee's answer. Therefore the court as directed by ARS § 12–1581 "shall" enter judgment discharging the garnishee.

By adopting ARS § 12–1589, the legislature undertook to protect the rights of the garnishee. A garnishee is normally an innocent third party; it is therefore only reasonable for the legislature to enact a statutory scheme designed to protect such a garnishee from unnecessary, oppressive and extended litigation.

The precise issue in this case was discussed by the Arizona Supreme Court in *Moody v. Lloyd's Of London*, 61 Ariz. 534, 152 P.2d 951 (1944). In that case the garnishee filed an answer denying any indebtedness and approximately four months

---

1. A party controverting the answer of the garnishee shall also, within ten days after filing his affidavit controverting the answer, tender an issue in the form of a pleading alleging the reason why he claims that the answer of the garnishee is incorrect, and shall serve a copy thereof upon the garnishee and upon the adverse party and shall file the pleading with the clerk or justice of the peace. Within ten days thereafter the garnishee shall file his answer to such pleading and serve a copy of the answer upon the parties.

passed before an affidavit controverting the answer in garnishment and a tender of issue was filed. The court discharged the garnishee and held by reference to the predecessor of ARS § 12–1581 [2] that if the answer is not controverted, the court shall enter judgment discharging the garnishee.

Garnishment statutes in Arizona are given a strict construction. *Biaett v. Phoenix Title & Trust Co.,* 70 Ariz. 164, 217 P.2d 923 (1950). As stated in *Andrew Brown Company v. Painters Warehouse, Inc.,* 11 Ariz. App. 571, 572, 466 P.2d 790, 791 (1970):

> Since garnishment is a creature of statute, garnishment proceedings are necessarily governed by the terms of those statutes . . . Thus, courts may not allow garnishment proceedings to follow any course other than that chartered by the legislature. [Citations omitted]

We find that the trial court did not err in discharging the garnishee under the facts of this case.

The appellants · also raise an issue of whether the order and judgment discharging the garnishee is entitled to *res judicata* effect. We decline to rule on this issue because it is not properly before us in this appeal.

EUBANK, P. J., and JACOBSON, J., concurring.

**2.** Sec. 25–209, Arizona Code Annotated 1939 is identical to ARS § 12–1581 in the wording pertinent to this case. Sec. 25–215, the predecessor to ARS § 12–1589, also is identical and contains the twenty day time limitation for the controverting of the answer of the garnishee.