NC+ HYBRIDS, A NEBRASKA CORPORATION, APPELLANT, V.
GROWERS SEED ASSOCIATION, A TEXAS CORPORATION, APPELLEE.

363 N.W.2d 362

Filed February 15, 1985.   No. 83-852.

Terry R. Wittler of Cline, Williams, Wright, Johnson & Oldfather, for appellant.

J. Scott Paul of Boland, Mullin & Walsh, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

NC+, a corporation, appeals the judgment of the district court for Lancaster County releasing and discharging Steven Bruce Booker, on behalf of certain Underwriters at Lloyd's, London, a garnishee, on account of NC+'s failure to file an application for determination of liability as provided in Neb. Rev. Stat. § 25-1030 (Cum. Supp. 1984). We affirm.

On November 3, 1981, NC+ obtained a judgment for $86,638.88 against Growers Seed Association for damages resulting from a breach of warranty in a sale of contaminated hybrid sorghum seed purchased by NC+. A summons in garnishment was served on Booker on May 17, 1982, and on

June 8 Booker filed his "Answers to Garnishment Interrogatories and Response to Summons in Garnishment."

In his answers to NC+'s interrogatories, Booker admitted existence of insurance policies in the form of a "Seedsmen's Errors and Omissions, Claims Made Indemnity policy." A copy of the policy was attached to Booker's answers. One of the interrogatories and the answer by Booker were as follows:

Did any of the policies referred to in your answer [to the interrogatories] . . . provide coverage for this incident? . . .
ANSWER: Yes.
In further response to the Summons in Garnishment and the Interrogatories of NC+ Hybrids, the Garnishee shows to the Court that there is no debt owing or other obligation owed by the Garnishee to the judgment debtor nor is it in possession of any property of the judgment debtor; that all obligations arising by virtue of a certain Seedsmen's Errors and Omissions, Claims Made Indemnity policy [attached] . . . were complied with by the execution of the Proof of Loss [attached] . . . by the judgment debtor on September 15, 1981 and the issuance of the corresponding check [attached] . . . to the judgment debtor on September 23, 1981.

Booker attached to his answers a photostatic copy of Booker's check dated September 23, 1981, and payable to Growers Seed in the amount of $13,380.80. The check to Growers Seed bore the endorsement:

In complete accord and satisfaction of the obligations of Underwriters' signatories to Lloyd's Certificate No. 25 R 23263 for the claim of Growers Seed Association arising out of NC+ Hybrids, a Nebraska corporation v. Growers Seed Association, a Texas corporation, District Court of Lancaster County, Nebraska - Docket No. 337, Page 001.

Booker's check was endorsed by Growers Seed. Booker concluded his answer to the interrogatories with the prayer: "[H]aving fully answered the Summons in Garnishment and Garnishment Interrogatories, the Garnishee prays that the garnishment proceedings . . . be dismissed . . . ."

NC+ took no further action in the garnishment proceedings until August 19, 1983, approximately 1 year and 3 months after

Booker's answers to interrogatories had been served and filed, when NC+ filed a request for production of documents. On August 30 Booker moved for discharge as a garnishee on the basis of § 25-1030:

> If the garnishee appears and answers and his or her disclosure is not satisfactory to the plaintiff, or if he or she fails to comply with the order of the court, by delivering the property and paying the money owing into court, or giving the undertaking required in section 25-1029, the plaintiff may file an application within twenty days for determination of the liability of the garnishee. The application may controvert the answer of the garnishee, or may allege facts showing the existence of indebtedness of the garnishee to the defendant or of the property and credits of the defendant in the hands of the garnishee. The answer of the garnishee, if one has been filed, and the application for determination of the liability of the garnishee shall constitute the pleadings upon which trial of the issue of the liability of the garnishee shall be had. If the plaintiff fails to file such application within twenty days, the garnishee shall be released and discharged.

NC+ on September 7 requested leave to file an application for determination of Booker's liability. The district court denied NC+'s request and discharged Booker from the garnishment proceedings, ruling that NC+ had failed to file its application within the time prescribed by § 25-1030. Further, the district court held that filing an application within the specific time limit of § 25-1030 was mandatory and that it had no discretion to permit filing an application outside the statutorily specified time.

As assignments of error, NC+ claims that the trial court erred (1) in holding that a garnisher's failure to file an application for determination of garnishee's liability bars a challenge to legal conclusions contained in the garnishee's answers to interrogatories and (2) in abusing its discretion by refusing to allow the garnisher to file an application to determine liability outside the 20-day limit found in § 25-1030. NC+ asserts:

> NC+ is not dissatisfied with the facts as set forth in the

answers to interrogatories filed by Lloyd's. It simply disputes the legal conclusion contained in them that the settlement discharged all of Lloyd's' [Booker's] responsibility to Growers and hence, NC + . NC + should not be required to file any kind of a pleading or application to have this legal question determined by the court.

Brief for Appellant at 7.

When asked to interpret a statute, the Supreme Court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. It is our duty to discover, if possible, legislative intent from the statute itself. *Adkisson v. City of Columbus*, 214 Neb. 129, 333 N.W.2d 661 (1983). The Supreme Court, in construing a statute, looks to the objects to be accomplished, the evils and mischief sought to be remedied, or the purposes to be served, and places upon the statute a reasonable or liberal construction which will best effect its purpose rather than one which will defeat it. *Mitchell v. Douglas County*, 213 Neb. 355, 329 N.W.2d 112 (1983). Further, effect must be given, if possible, to all the several parts of a statute. No sentence, clause, or word should be rejected as meaningless or superfluous if it can be avoided. It is not within the province of this court to read meaning into a statute that is not warranted by legislative language; neither is it within the province of the court to read anything plain, direct, and unambiguous out of a statute. *State ex rel. Douglas v. Herrington*, 206 Neb. 516, 294 N.W.2d 330 (1980).

The first issue is whether an answering garnishee is entitled to be released and discharged from the garnishment if the garnisher does not file an application for determination of liability within the time specified in § 25-1030.

Garnishment is a legal, not equitable, remedy unknown at common law and is a purely statutory remedy. See, *Christiansen v. Moore*, 184 Neb. 818, 172 N.W.2d 620 (1969); *Beggs v. Fite et al.*, 130 Tex. 46, 106 S.W.2d 1039 (1937). Being in derogation of common law, garnishment statutes are strictly construed and demand compliance with all prerequisites before

any remedy is available under such statutes. *Shevin v. Venderbush Company*, 280 Mich. 499, 273 N.W. 780 (1937); *Liberty Loan Corp. & Affiliates v. Eis*, 69 Wis. 2d 642, 230 N.W.2d 617 (1975).

Through garnishment in aid of execution a garnishee becomes a "stakeholder" or custodian holding a fund, credit, or property belonging to one or the other of the parties to a lawsuit producing the judgment for which execution is sought. *Russell v. Lau*, 30 Neb. 805, 47 N.W. 193 (1890); *Bank & S. Co. v. Katz*, 146 Ohio St. 297, 65 N.E.2d 708 (1946). Garnishment in aid of execution is an incident to a judgment or an ancillary procedure whereby a judgment creditor seeks to collect a judgment by reaching a judgment debtor's property in the hands of a third party. As a stranger to the proceedings in which a judgment has been obtained, a garnishee is normally an innocent third party exposed to inconvenience and hazards or expense of extended litigation. *State ex rel. Bagnell Inv. Co. v. Luten*, 647 S.W.2d 539 (Mo. 1983); *Beggs v. Fite et al., supra*.

In view of the nature of garnishment demanding an expeditious disposition of proceedings, it is reasonable that the Nebraska Legislature sought to protect a garnishee from often unnecessary and sometimes oppressive litigation. See *DeSuno v. Safeco Ins. Co. of America*, 118 Ariz. 553, 578 P.2d 634 (1978). To achieve prompt disposition the Legislature has specified a relatively short time for counteraction by a judgment creditor or garnisher in the event of any dissatisfaction with a garnishee's disclosure contained in answers to interrogatories, namely, a written application filed within 20 days in order to determine liability where a garnishee's answers negate a debt, property, or credit due the judgment debtor from the garnishee.

In the application the garnisher may controvert or traverse the garnishee's response or may allege facts demonstrating that the garnishee owes a debt to the judgment debtor or that the garnishee holds property or a credit of the judgment debtor. By the application the garnisher frames the issue: Does the garnishee owe a debt to the judgment debtor or hold property, funds, or credits of a judgment debtor? The answers of the garnishee and the controverted answers or factual allegations in

the garnisher's application constitute the pleading for disposition of the liability issue under § 25-1030. See *Assurance Corp. v. Mitchell*, 120 Colo. 531, 211 P.2d 551 (1949). Contrary to the interpretation suggested by NC+, § 25-1030 does not differentiate types of dissatisfaction requiring an application to determine liability or exonerating the garnisher from filing such application, that is, dissatisfaction with facts vis-a-vis dissatisfaction with conclusions. We are not at liberty to insert into § 25-1030 any language qualifying the dissatisfaction a garnishee may experience for dispensation from the statutory requirements.

NC+ points to a line of cases which relieve a garnisher from filing an application for determination of liability or traversing a garnishee's answers given in response to interrogatories. Cf., *Grain Dealers Mutual Insurance Company v. Quarrier*, 175 So. 2d 83 (Fla. App. 1965); *Dunckelman Distributing Company, Inc. v. Hyde*, 334 So. 2d 236 (La. App. 1976). However, those cases indicate that a garnisher's counteraction is not necessary where a garnishee's answers admit facts establishing a garnishee's obligation to a judgment debtor. There could hardly be a more clear statement and categorical denial than the answer given by Booker: "[T]here is no debt owing or other obligation owed by [Booker] to the judgment debtor nor is [Booker] in possession of any property of the judgment debtor."

If a garnisher is dissatisfied with a garnishee's answer but does not controvert or traverse the answer given, the garnishee's answer is the only filed pleading containing allegations or statements about property, funds, or credits of a judgment debtor, a solitary pleading which is taken as true and conclusive. *Coward v. Barnes*, 232 Ark. 177, 334 S.W.2d 894 (1960); *Phelps v. Schmuck*, 151 Kan. 521, 100 P.2d 67 (1940); *Morris v. Beatty*, 390 Ill. 568, 62 N.E.2d 478 (1945); *Snyder Nat. Bank v. Pinkston*, 219 S.W.2d 606 (Tex. Civ. App. 1949). Further, failure to proceed as required by § 25-1030 constitutes an abandonment or discontinuance of garnishment proceedings. See, *State ex rel. Bagnell Inv. Co. v. Luten, supra; Martin v. Cullum et al*, 144 Ga. App. 886, 243 S.E.2d 108 (1978).

NC+ contends that the district court abused its discretion and should have allowed NC+ to file an application for determination of liability outside the 20-day period set forth in § 25-1030. For support NC+ refers to Neb. Rev. Stat. § 25-822 (Reissue 1979): "The court, or the judge thereof in vacation, for good cause shown, may extend the time for filing an answer or reply upon such terms as may be just." In light of the language of § 25-1030, we cannot accept NC+'s contention. Generally, a statute is not read as automatically requiring judicial construction. Where the words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain the meaning. In the absence of anything to indicate the contrary, words must be given their ordinary meaning. *Bachus v. Swanson*, 179 Neb. 1, 136 N.W.2d 189 (1965). Section 25-1030 is unambiguous, and interpretation is unnecessary in this case. As a general rule, the word *shall* is considered mandatory and is inconsistent with the idea of discretion. *Moyer v. Douglas & Lomason Co.*, 212 Neb. 680, 325 N.W.2d 648 (1982). Because garnishment is a creature of statute, garnishment proceedings are necessarily governed by statutory provisions and specifications. Courts may not allow garnishment proceedings to follow any course other than that charted by the Legislature. *DeSuno v. Safeco Ins. Co. of America*, 118 Ariz. 553, 578 P.2d 634 (1978).

The judgment of the district court is affirmed.

AFFIRMED.