REQUESTED BY: Nebraska Department of Social Services
QUESTION: Is there statutory language which limits the Clerk of the District Court's ability to certify a child support case as delinquent the day after payment is due and not paid?
CONCLUSION: No. The Clerk of the District Court is to declare delinquency the day after payment is due.
The statutes governing the Clerk of the District Court's responsibilities categorize those official duties using the term "shall." "Shall" as used in statutory construction is construed" by the courts as providing that the performance of specified official duties is mandatory. Therefore, the Clerk of the District Court is obligated to declare that support payments are delinquent on the day after payment is due.
Neb.Rev.Stat. § 42-358.02(2) (Reissue 1987) reads as follows:
 (2) All child support payments shall become delinquent the day after they are due and owing. Interest shall not accrue until 30 days after such payments are delinquent.
The key term here is "shall." The Nebraska Supreme Court has interpreted that term as it is used in statutory construction. Although this particular statute has net been interpreted by the court, "shall" as it is used in other statutes has been given meaning. NC+ Hybrids v.Growers Seed Assn., 219 Neb. 296, 363 N.W.2d 362 (1985), involved a case in which a garnisher had failed to act according to statute. The governing statute used the term "shall" in describing the legal guidelines to be adhered to by the garnisher. The court held that in the absence of any contrary indications, words in a statute must be given their ordinary meaning. Consequently, as a general rule, the word "shall" in a statute is considered to provide that the performance of a duty is mandatory and is inconsistent with the idea of discretion. Id. at 297,363 N.W.2d at 362.
Applying this holding to Neb.Rev.Stat. § 42-358.02(2) and the question at hand establishes that the statute makes it the mandatory responsibility of the Clerk of the District Court to consider all child support payments delinquent the day after they are due and owing. The statute does not provide for an alternate course of action.
Neb.Rev.Stat. § 42-358(2) (Reissue 1987) also describes the Clerk of the District Court's duties using "shall."
 (2) The clerks of the district courts shall maintain delinquency records in each case docketed in which child support is fixed by order of the court. Each month the clerk shall certify all cases in which the court-ordered child support or spousal support is delinquent in an amount equal to the support due and payable for one-month period of time to the judge presiding over domestic relations cases and to the county attorney or authorized attorney. A rebuttable presumption of contempt shall be established if a prima facie showing is made that the court-ordered child support or spousal support is delinquent. In each case certified, income withholding shall be implemented pursuant to the Income Withholding for Child Support Act.
Consequently, the Clerk of the District Court is to perform the duties as listed in this statute in a mandatory fashion.
The two Income Withholding statutes, Neb.Rev.Stat. § 43-1718
(Reissue 1987) and Neb.Rev.Stat. § 43-1720 (Reissue 1987), are construed in a similar manner to 358.02(2) and 358.02. The dispositive term in both statutes is "shall."
Neb.Rev.Stat. 43-1718 reads as follows: "shall take effect on the date on which the payments are delinquent in an amount equal to the support due and payable for a one-month period of time. . . ."
Neb.Rev.Stat § 43-1720 reads as follows: "[u]pon receiving notice of delinquent child or spousal support payments pursuant to sections 42-358 and 42-358.02, the county attorney or authorized attorney shall send a notice by certified mail to the last-known address of the obligor. . . ."
Combining Neb.Rev.Stat. 42-358.02(2) with Neb.Rev.Stat § 43-1720
establishes that it is mandatory that child support payments be considered delinquent the day after they are due. On that day, a support order is to be issued. The statutes, because they incorporate "shall" within their provisions, do not allow for actions other than those prescribed by the statute.
According to the way in which the Nebraska Supreme Court interprets statutes using the term "shall," the York County Clerk of the District Court's Office should certify a child support case as delinquent the day after payment is due. There is nothing in the statute to indicate the County Clerk is obligated to find that a child support payment is not delinquent until after thirty days have passed.
A final question concerns whether a delinquent payment for that month would be the proper subject of any enforcement action available, including Income Withholding. According to Neb.Rev.Stat. § 42-358(2), "[i]n each case certified, income withholding shall be implemented pursuant to the Income Withholding for Child Support Act." Certification allowing withholding is to take place once the payment is delinquent. As has already been established, the date of delinquency is the day after payment is due. Certification is to take place on that date.
Sincerely,
 DON STENBERG Attorney General
Royce N. Harper Senior Assistant Attorney General 15-02-14.91
APPROVED BY:
_________________________________ Attorney General